354 So.2d 377 (1977)
HIGH RIDGE MANAGEMENT CORP., etc., et al., Appellants,
v.
STATE of Florida et al., Appellees.
No. 50827.
Supreme Court of Florida.
December 22, 1977.
Rehearing Denied February 23, 1978.
*378 Elliot S. Shaw and Norman S. Segall of Shaw & Segall, Miami, for appellants.
Robert L. Shevin, Atty. Gen., Thomas M. Beason, Asst. Atty. Gen., and James G. Mahorner, Tallahassee, for appellees.
KARL, Justice.
This cause is before us on direct appeal from an order of the Circuit Court, in and for Leon County, granting summary judgment for appellees and upholding the constitutional validity of Chapter 76-201, Laws of Florida, the Omnibus Nursing Home Reform Act of 1976, thereby vesting jurisdiction in this Court pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellants, operators of twenty-one licensed South Florida nursing homes, sought a declaratory judgment as to their rights under the Omnibus Nursing Home Reform Act of 1976, Chapter 76-201, Laws of Florida, and requested the court to enjoin the appellees from implementing the act. In their complaint, appellants alleged that the act, by title and content, violates Article III, Section 6, Florida Constitution, and is nothing more than a conglomeration of unrelated and confusing provisions and unconnected *379 subjects; that Sections 6 and 7 of the act (referred to by appellants as public flogging), which deal with inspection, posting of results, and penalties, violate appellants' procedural due process rights; that the portion of Section 7 of the act relating to the rating of nursing homes is an attempt by the State to seize control of the nursing home industry and to permit the State to endorse certain competitors and arbitrarily destroy others and, thereby, is a violation of appellants' right to equal protection; that the Omnibus Act, as a whole, is a serious violation of substantive due process and is a serious attempt to interfere with, and take over, Florida's nursing home business.
Summary judgment was granted in favor of appellees. The trial court found that Chapter 76-201, Laws of Florida does not violate due process or equal protection requirements of the Florida and United States Constitutions; that the provisions of Section 400.121, Florida Statutes (1975), have not been nullified; that the Administrative Procedures Act guarantees the right of hearing; that it is premature to challenge any proposed rules; that the rating system, in itself, is not, per se, unconstitutional since the act does not set out any arbitrary or capricious classification, that there has been no unlawful delegation of legislative authority, that the act is not vague, and that it relates to a single subject matter.
Appellants appealed, and this Court has granted a constitutional stay writ staying implementation of the rating system as provided for in Section 7 of Chapter 76-201, Section 400.23(3) and (4), Florida Statutes (Supp. 1976).
The sole question presented for our review by appellants is the constitutionality vel non of Section 7, Chapter 76-201, Laws of Florida, Section 400.23, Florida Statutes (Supp. 1976), insofar as it purports to establish a rating system for nursing homes in this state. Although conceding the state's right to regulate, inspect and license the nursing home industry pursuant to the state's police power, appellants argue that a governmental rating system whereby licensed businesses are rated "AA," "A," "B," "C" or "F," is an unnecessary, unreasonable and arbitrary exercise of the state's police power and that the rating system as established by Chapter 76-201, Laws of Florida, constitutes an unlawful delegation of legislative authority contrary to Article III, Section 1, Florida Constitution.
Section 7 of Chapter 76-201, Laws of Florida, provides in part:
"Not later than January 1, 1977, the department shall promulgate rules establishing uniform criteria for the evaluation of nursing home facilities with respect to their compliance with the standards set forth in this section, as indicated by inspection results. Such criteria shall include a detailed listing of the types, and degree of severity or unacceptability, of deficiencies which inspections might indicate, and shall also indicate areas of care and performance in which nursing home facilities notably and significantly exceed required minimum standards. In promulgating such criteria the department shall devise a system of rating nursing home facilities in accordance with the deficiencies and areas of significantly high care and performance which reports of inspection shall have indicated. Such a system shall include five rating categories entitled, from highest to lowest "AA," "A," "B," "C," and "F." "F" rated nursing homes shall be nursing homes whose performance is sufficiently below minimum standards to require suspension, revocation, or denial of a license to operate. The rating assigned to each nursing home facility on the basis of its immediately prior inspection shall be deemed a part of the results and findings of that inspection, and shall be required by the department to be included in all advertising and conspicuously posted within and outside of the nursing home facility to which it applies. For purposes of review and comment, ratings assigned to facilities shall be forwarded by the department to the regional nursing home ombudsman committee in whose district the facility is *380 located. A nursing home facility may appeal the assignment of a particular rating to the department within 20 days after notice of its assignment.
"No later than March 1, 1977, the department shall promulgate rules which relate the level of state vendor payments to nursing home facilities to the rating received by each nursing home facility under the provisions of subsection (3) so that facilities assigned higher ratings may receive higher levels of payment than those facilities assigned lower ratings after July 1, 1977. Such rules as are promulgated under this section shall be consistent with federal laws and regulations.[1]
We find that the statutory provision in question constitutes an unlawful delegation of legislative authority since it does not contain objective guidelines and standards for its enforcement, and for this reason, it is unconstitutional.
In Smith v. Portante, 212 So.2d 298, 299 (Fla. 1968), this Court reiterated:
"No matter how laudable a piece of legislation may be in the minds of its sponsors, objective guidelines and standards should appear expressly in the act or be within the realm of reasonable inference from the language of the act where a delegation of power is involved and especially so where the legislation contemplates a delegation of power to intrude into the privacy of citizens."
This Court, in Dickinson v. State, 227 So.2d 36, 37 (Fla. 1969), emphasized that statutes delegating power without adequate protection against unfairness or favoritism should be invalidated and that the exercise of the police power by the Legislature must be clearly defined and limited in scope so that nothing is left to unbridled discretion or whim of the administrative agency responsible for enforcement of the act. See also Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla. 1962).
Appellants submit that there are no guidelines enunciated in the statute as to whether, inter alia, the average nursing home should be rated "A," "B" or "C," whether only a very few homes should be able to attain an "AA" rating, or whether there will be a Bell curve or flat percentage of homes in each group.
Without objective guidelines for the rating of licensed nursing homes as "AA," "A," "B," "C" and "F," the rating system, as established in Section 400.23(3) and (4), cannot withstand constitutional attack.
Since we find that subsections (3) and (4) of Section 400.23, Florida Statutes (Supp. 1976), are unconstitutional in that they constitute an unlawful delegation of authority, this Court must further determine whether these subsections are severable from Section 400.23, Florida Statutes (Supp. 1976), or whether the entire statutory section must fall. The mere fact that the act does not contain a severability clause does not mandate a determination that the entire statutory provision should be condemned. State ex rel. Limpus v. Newell, 85 So.2d 124 (Fla. 1956). If an unconstitutional portion of an act can be logically excised from the remaining valid provisions without doing violence to the legislative purpose expressed in the valid portions, if such legislative purpose can be accomplished independently of the invalid provisions, if the act is complete in itself after striking the invalid provisions, and if the valid and invalid provisions are not so inseparable that the Legislature would not have enacted the one without the other, it is the duty of the Court to give effect to that portion of the statute which is not constitutionally infirm. Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556 (Fla. 1974); Small v. Sun Oil Company, 222 So.2d 196 (Fla. 1969); Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962).
*381 Obviously, the intent and purpose of the Legislature in enacting Section 400.23, Florida Statutes (Supp. 1976), was that reasonable and fair minimum standards be established by which a reasonable and consistent quality of patient care, including safe and sanitary conditions by nursing homes, would be insured. This purpose may be accomplished independently of the rating system set out in subsections (3) and (4). The deletion of the language pertaining to the rating of the nursing homes as "AA," "A," "B," "C" and "F" does not disturb the valid portions of the act and leaves intact a workable statute. The valid provisions standing alone are complete in themselves. Undoubtedly, the Legislature would have enacted into law the valid subsections regardless of those subsections which we have herein determined to be invalid.
Accordingly, we find that subsections (3) and (4) constitute an unlawful delegation of legislative authority and that these subsections may be eliminated without striking down Section 400.23, Florida Statutes (Supp. 1976), in its entirety. The constitutionality vel non of the rating system in subsections (3) and (4) being the only issue raised on appeal sub judice, we reverse the summary judgment of the trial court only insofar as it finds that the rating system is constitutional.
It is so ordered.
OVERTON, C.J., and ADKINS and SUNDBERG, JJ., concur.
ENGLAND, J., concurs in result only.
BOYD and HATCHETT, JJ., dissent.
NOTES
[1] After oral argument of this cause, pending disposition by this Court, the Florida Legislature enacted Ch. 77-401, Laws of Florida, with an effective date of July 1, 1977. Ch. 77-401, Laws of Florida, amends subsection 3 of § 400.23, Fla. Stat. (Supp. 1976), to change January 1, 1977, to July 1, 1978, and March 1, 1977, to March 1, 1979.