547 So.2d 210 (1989)
STATE of Florida, Appellant,
v.
Phillip BECKMAN, Appellee.
No. 88-1764.
District Court of Appeal of Florida, Fifth District.
July 6, 1989.
Rehearing Denied August 8, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellant.
W. Ford Duane of W. Ford Duane, P.A., Orlando, for appellee.
COBB, Judge.
We are called upon to review a trial court's dismissal of an information based upon a determination that section 827.071(5), Florida Statutes (1987) is facially unconstitutional. That statute provides:
It is unlawful for any person to knowingly possess any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child. Whoever violates this subsection is guilty of a felony of third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The defendant Beckman was charged with knowing possession of a videotape which included sexual conduct by a child in violation of the foregoing statute. Beckman purchased the material from an undercover officer at a motel, which was not his home. It was stipulated by defense counsel that the videotape depicted the children, under the age of eighteen, involved in sexual acts, and that it violated the proscriptions of the statute.
The defendant moved to dismiss on the basis that the statute was unconstitutional, citing to Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). The defendant argued that Stanley prohibits the state from criminalizing mere private possession of obscene material.
The state sought to distinguish Stanley because it involved possession of obscenity in the privacy of one's home, whereas Beckman was not in his own home. The state contended Beckman therefore had no standing to attack the constitutionality of the statute under New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). Ferber dealt specifically with child pornography, and upheld the constitutionality of a criminal statute outlawing the promotion of sexual performances by minors through the distribution of material depicting such performances. The state also argued that child pornography, unlike other obscene material, is unprotected by the *211 First Amendment and not encompassed by the holding in Stanley.
The trial court disagreed with the state and found that Stanley expressly forbids statutory prohibitions against the mere possession of any pornographic materials. Based upon the facial invalidity of the statute, the trial court dismissed the information and this appeal ensued.
We agree with the state. The controlling case is Ferber, not Stanley. In Ferber the United States Supreme Court held that child pornography is unprotected by the First Amendment and that states have greater leeway in regulating it than other obscenity or adult pornography. This is so because of the compelling state interest in the prevention of sexual exploitation of children and child abuse. The Stanley opinion did not concern child pornography.
As pointed out by the state, the United States Supreme Court has repeatedly refused to expand the holding of Stanley beyond the privacy of one's own home.[1] Certainly it should not be expanded to include child pornography. As argued by the state:
Possession of child pornography, unlike adult pornography, is a sad guarantee that children have been and will be abused. It fuels the economic motive for production of child pornography and is an integral part of the production-distribution cycle.
The state emphasizes that the instant case does not involve the privacy of Beckman's home. Our decision here would be the same even if it did. Although the United States Supreme Court has yet to directly address the issue of possession of child pornography in the home and the applicability of the Stanley exception thereto, we agree with the resolution of the issue reached by the Ohio Supreme Court in State v. Meadows, 28 Ohio St.3d 43, 28 Ohio St.3d 354, 503 N.E.2d 697 (1986), cert. denied, 480 U.S. 936, 107 S.Ct. 1581, 94 L.Ed.2d 771 (1987). Meadows found that the same compelling state interests which the Ferber court found for eradicating child pornography from the production and distribution chain also existed for eradicating possession of child pornography in the home. The state of Florida as well as the state of Ohio, has a compelling interest in the eradication of child pornography which outweighs a defendant's interest in possessing such material, whether in the home or elsewhere. See Meadows, 503 N.E.2d at 704, 705.
REVERSED.
SHARP and COWART, JJ., concur.
NOTES
[1] See e.g. United States v. 12 200-Foot Reels of Super 8MM. Film, 413 U.S. 123, 127, 93 S.Ct. 2665, 2668, 37 L.Ed.2d 500 (1973) (Stanley does not create the right to acquire, purchase or possess obscenity and "reflects no more than ... the law's solicitude to protect the premises of life within [the home])"; United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973) (Stanley's constitutionally protected "zone of privacy" does not extend beyond the home or follow obscene material when it is moved outside the home, nor does Stanley create a correlative right to receive, transport, or distribute obscenity); Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1974) ("[W]e have declined to equate the privacy of the home relied on in Stanley with a `zone of privacy' that follows a distributor or consumer of obscene material wherever he goes.")