556 So.2d 447 (1990)
STATE of Florida, Appellant,
v.
John B. TIROHN, Appellee.
No. 89-361.
District Court of Appeal of Florida, Fifth District.
January 25, 1990.
Rehearing Denied February 14, 1990.
*448 Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellant.
Warren W. Lindsey and David A. Henson of Muller, Kirkconnell, Lindsey and Snure, P.A., Winter Park, for appellee.
GOSHORN, Judge.
The State appeals the dismissal of its information charging John B. Tirohn with unlawfully and knowingly possessing a video cassette tape which he knew to include sexual conduct by a child, in violation of section 827.071(5), Florida Statutes (1987). The dismissal is grounded upon a finding by the trial court that the statutory definition of "sexual conduct" is substantially overbroad and therefore unconstitutional. We reverse.
Tirohn was arrested at a location other than his residence for possession of a videotape depicting "prepubescent females engaged in sexual conduct including sexual intercourse and lascivious display of (their) genitals." He was subsequently charged by information with violating section 827.071, Florida Statutes (1987), which provides in pertinent part:
(5) It is unlawful for any person to knowingly possess any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child. Whoever violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
For the purposes of the statute, sexual conduct is statutorily defined to mean:
1. Actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse.
2. Actual lewd exhibition of the genitals.
3. Actual physical contact with a persons's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast.
4. Any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.
§ 827.071(1)(g), Fla. Stat. (1987).
This court has recently upheld section 827.071, Florida Statutes (1987) against a claim that the state cannot criminalize mere private possession of obscene materials, even those involving minors. State v. Beckman, 547 So.2d 210 (Fla. 5th DCA 1989). In this case, however, Tirohn argues and the trial court found that the statutory definition of sexual conduct as drafted would prohibit possession of a picture of a father bathing his son, two clothed children hugging each other in such a way that their clothed genitals made actual physical contact, or a photograph of a junior high school coach giving a congratulatory smack of the hand to the buttocks of *449 one of his players fully dressed in football uniform; and as such was substantially overbroad and therefore unconstitutional. Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); State v. Gray, 435 So.2d 816 (Fla. 1983). We agree that the above examples demonstrate the overbroad nature of a portion of section 827.071(1)(g), to wit:
Actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast.
The question then becomes whether the overbroad portion of the statute can be excised without leaving the constitutional sections incomplete or violative of legislative intent.
The trial court properly found:
9. A severability clause allows the invalidation of unconstitutional provisions of a statute, while allowing the independant [sic] and constitutional provisions to remain valid. Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985) and New York v. Ferber, supra., [458 U.S. 747, 102 S.Ct. 3348] at 3361 [73 L.Ed.2d 1113 (1982)]. However, the unconstitutional portion of a statute will not necessarily invalidate the entire Act, if a severability clause does not exist. State ex rel. Limpus v. Newell, 85 So.2d 124 (Fla. 1956), Cramp v. Board of Public Instruction of Orange County, 137 So.2d 828 (Fla. 1962), High Ridge Management Corp. v. State, 354 So.2d 377 (Fla. 1977). The absence of a severability clause does not prevent the Court from exercising its inherent power to preserve the constitutionality of an Act by the elimination of invalid clauses, if it is possible to do so. Small v. Sun Oil Company, 222 So.2d 196, 199 (Fla. 1969). "When a part of a statute is declared unconstitutional, the remainder of the Act will be permitted to stand provided:
1) the unconstitutional provisions can be separated from the remaining valid provisions,
2) the legislative purpose expressed in the valid provisions can be accomplished independently of those which are void,
3) the good and the bad features are not so inseparable in substance that it can be said that the Legislature would have passed the one without the other and,
4) the act complete in itself remains after the invalid provisions are stricken."

Cramp v. Board of Public Instruction of Orange County, supra. [137 So.2d] at 830. It is the duty of the Court to give effect to those provisions which are constitutional. High Ridge Management Corp. v. State, supra.

The important factor to be considered when determining whether valid and invalid provisions are separable and essential is legislative intent. State ex rel. Limpus v. Newell, supra. The provisions are severable when the constitutional sections can accomplish the legislative intent without the invalid provisions. Eastern Air Lines, Inc. v. Department of Revenue, 455 So.2d 311 (Fla. 1984). When the valid and void provisions are so connected and dependent upon each other that to sever them would leave the constitutional sections incomplete and produce a result uncontemplated by the Legislature, the entire Act must be invalidated. Small v. Sun Oil Company, supra., State ex rel. Limpus v. Newell, supra. and State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978).
However, the court then erroneously concluded that because the definition of the offense is based upon the definition of sexual conduct, the two provisions are connected and dependent and therefore unseverable. In fact, the proper focus of the legal analysis is whether or not the constitutionally offensive portion of the definition section of the statute may be stricken without doing violence to the other definitions contained in that section. We conclude that it can. Although a portion of the sexual conduct statute is unconstitutional, the remaining definitions of sexual conduct are complete and accomplish the legislative intent without the invalid portion. Accordingly, this cause is reversed and remanded for *450 determination whether the crime with which defendant was charged is prohibited by the remaining constitutional portions of the statute.
REVERSED and REMANDED.
DANIEL, C.J., and COBB, J., concur.