PER CURIAM.
This is an appeal from an order of the county court declaring section 327.35, Florida Statutes (1987) unconstitutional and dismissing an action against the defendant/appellee, Richard Corley. Section 327.35(l)(a) provides:
It is unlawful for ... [a]ny person who is under the influence of alcoholic beverages, any chemical substance set forth in § 877.111, or any substance controlled under chapter 893, when affected to the extent that his normal faculties are impaired, to operate a vessel on the waters of this state ... (emphasis added)
Under section 327.02(18), Fla.Stat. (1987) “operate” was defined to mean “navigate or otherwise use a vessel.” This section was amended effective October 1, 1988 to define “operate” to mean that a person is in the actual physical control of a vessel.
On October 24, 1987 (before, the statute was amended) Richard Corley was alleged to have operated a vessel while under the influence in violation of section 327.35(l)(a). Corley filed a motion to dismiss the action and to declare section 327.-35 unconstitutional on grounds of vagueness and overbreadth. At the hearing on May 13, 1988 (which was also before the effective date of the statutory amendment) the trial court granted the' motion to dismiss and found the statute to be unconstitutional on its face since it made it a crime for any person to “use” the vessel while under the influence regardless of the fact that the person may only have been a pas *188 senger on the vessel. The state appeals. We reverse.
Although we agree that the portion of the statute which prohibits the “use” of a vessel while a person is under the influence of intoxicants is unconstitutionally over-broad, we do not agree that the entire statute has to be declared unconstitutional or that the action against Corley must be dismissed. In State v. Tirohn, 556 So.2d 447 (Fla. 5th DCA 1990) the appellate court ruled that an overbroad portion of a statute could be excised while the remaining sections remained constitutional, citing Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985). In Brockett the U.S. Supreme Court explained that the same statute may be in part constitutional and in part unconstitutional, and if the parts are wholly independent of each other, that which is constitutional may stand while that which is unconstitutional will be rejected. There the court noted that even after the unconstitutional portion was excised the remainder of the statute retained its effectiveness. Applying this to the instant case we find that the unconstitutional portion of the statute which refers to the “use” of a vessel can be excised while the remaining constitutional portions remain in effect.
Additionally we note that the amended statute, which rdoes not contain the prohibition against the “use” of a vessel while under the influence, could be applied to Corley without violation of the prohibition against ex post facto application of laws even though the amendment was not in effect at the time of the incident or at the time of the hearing. The ex post facto prohibition only applies to situations where the amended statute is more onerous than the prior law. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Here the amended statute is less onerous because it narrowed the scope of the application of the statute so that people who were merely using a vessel, as opposed to being in control of a vessel, were not in violation of the statute.
Reversed and Remanded for further consistent proceedings.
DELL, WALDEN and POLEN, JJ., concur.