696 So.2d 435 (1997)
STATE of Florida, Appellant,
v.
Ira COHEN, Appellee.
No. 96-2085.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
*436 Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellant.
Richard D. Kibbey of Kibbey & Barlow, Stuart, for appellee.
PARIENTE, Judge.
The issue in this case is one of first impression in Floridawhether possession of a pornographic computer image of an actual child is punishable under subsection 827.071(5), Florida Statutes (1995). We reverse the trial court's order of dismissal and hold that a pornographic computer image of an actual child constitutes a photograph, representation or other presentation, the possession of which is punishable as a third-degree felony under subsection 827.071(5).[1]
The pornographic images at issue in this case were discovered after defendant brought his computer to a computer store for service. According to the store's employee, defendant offered to copy the pornographic material onto a computer tape after the employee had commented on the pornographic images.
The sheriff's office obtained a search warrant based on the information received from *437 the employee. Investigators examined defendant's multiple computer hard drives, which contained data in files organized in various sub-directories. There were a number of different types of files, including programs, text files and image files.
Defendant's image files contained numerous images of child pornography that "appeared similar to a photograph on a screen." The images could be accessed by invoking the appropriate program to load the files containing the pornographic images. At least one of the images had a crease mark and staple marks, indicating that it had been scanned from a magazine.
A detective testified that the images were of underage children. The detective further testified that when he had arrived at defendant's residence, a computer appeared to be transferring images by modem over telephone wires to a bulletin board system in Texas.
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), and based on grounds of statutory construction, the trial court dismissed thirty-two counts of the information. The dismissed counts charged defendant with felony possession of child pornography in violation of subsection 827.071(5).[2]
When considering a rule 3.190(c)(4) motion, "the court must draw all inferences in favor of the state and against the defendant. The trial court may neither weigh conflicting evidence nor pass on the credibility of witnesses nor determine disputed issues of fact." State v. Hart, 677 So.2d 385, 386 (Fla. 4th DCA 1996) (citation omitted).
For purposes of this appeal, defendant does not contest that his computer contained image files of child pornography. His argument is that the statutory language of subsection 827.071(5) does not prohibit possession of pornographic images on a computer hard drive because a computer image is not possessed unless and until several steps are taken to view the image. To view a computer image, the computer system must be turned on, the monitor turned on, the appropriate program loaded, and the program ordered to search a particular file. Therefore, defendant phrases the sole question on appeal as "whether raw, unconfigured, and undeciphered electrical impulses constitute a photograph, motion picture, show, representation or other presentation."
The rules of statutory construction require that courts give statutory language its plain and ordinary meaning, unless the words are defined by statute. See State v. Hagan, 387 So.2d 943, 945 (Fla.1980); Plante v. Department of Bus. & Prof'l Regulation, 685 So.2d 886, 887 (Fla. 4th DCA 1996); Newberger v. State, 641 So.2d 419, 420 (Fla. 2d DCA 1994). Neither "presentation" nor "representation" are defined in section 827.071.[3] In the absence of a statutory definition, the plain and ordinary meaning of words can be ascertained, if necessary, by reference to a dictionary. See Green v. State, 604 So.2d 471, 473 (Fla.1992); Plante; WFTV, Inc. v. Wilken, 675 So.2d 674 (Fla. 4th DCA 1996).
The dictionary definition of the term "representation" includes "an artistic likeness or image." Webster's New Collegiate Dictionary 993 (10th ed. 1993). The ordinary meaning of the term "presentation" includes "a symbol or image that represents something." Id. at 922. A computer image would thus be encompassed by the plain and ordinary meaning of the phrase "representation, or other presentation," as defined in the dictionary and as commonly understood.[4]
*438 Alternatively, the pornographic images in this case may qualify under subsection 827.071(5) as copies of photographs. A photograph is defined as "a picture or likeness obtained by photography." Webster's New Collegiate Dictionary at 875. The state contends that it will be able to establish that at least some of the computer images were scanned into the computer from magazine photographs.[5]
We find no ambiguity in the language of subsection 827.071(5). When the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation to alter the plain meaning. See T.R. v. State, 677 So.2d 270, 271 (Fla.1996); Overstreet v. State, 629 So.2d 125, 126 (Fla.1993); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
Nevertheless, the maxim of statutory construction known as ejusdem generis further supports our conclusion that defendant's conduct was prohibited by subsection 827.071(5). Ejusdem generis provides that where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated. See Green, 604 So.2d at 472. The term "representation, or other presentation" should thus be interpreted to refer to items similar in nature to a photograph or motion picture. See id.
The images appearing on a computer screen can be virtually indistinguishable from photographs appearing in a magazine or other medium. In fact, the testimony here was that defendant's image files "appeared similar to a photograph on a screen." Thus, under the doctrine of ejusdem generis, the term "presentation or other presentation" would include computer images. That pornographic images of children are scanned into a computer rather than pressed onto the pages of a magazine, or that the images are stored on a hard drive rather than in a shoebox, does not change the fact that a defendant possesses pornographic representations of actual children.
In deciding that computer images are not encompassed by subsection 827.071(5), the trial court found that "the legislature intended to treat as felonies categories of obscene materials that were in permanent form and suitable for immediate distribution." However, legislative intent is determined primarily from the language of a statute. See Overstreet, 629 So.2d at 126. When faced with an unambiguous statute, the courts of this state are
without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.
Holly, 450 So.2d at 219 (emphasis in original) (citation omitted). This principle is "not a rule of grammar; it reflects the constitutional obligation of the judiciary to respect the separate powers of the legislature." State v. Brigham, 694 So.2d 793, 797 (Fla.2d DCA 1997).
Nowhere within the statutory language of section 827.071 do the terms "permanent form" or "suitable for immediate distribution" appear, nor does any indication of such an intent appear in the statute's legislative history.[6] To read these qualifying terms into *439 the statute, as the trial court did, would be to rewrite the statute and to limit its terms in a manner contrary to its plain language.
Assuming arguendo a legislative intent to limit the scope of section 827.071(5) to forms "suitable for immediate distribution," a computer image stored on a hard drive would certainly qualify as a form suitable for immediate distribution. A computer file containing a photographic image is probably more "suitable for immediate distribution" than, for example, a motion picture, which is explicitly encompassed by the statute, because computer images can be transmitted worldwide virtually instantaneously over the Internet or any other international computer network.[7]
In addition, a computer image can be quickly and inexpensively copied onto a floppy disk for immediate distribution. The fact that a computer must be turned on to display the photographic image does not affect the suitability of the computer image for immediate distribution.
Defendant analogizes the raw, unconfigured computer data in this case to videotape, which he also contends would be excluded from the prohibition of subsection 827.071(5) because it requires the use of a videotape player to view the image. Defendant contrasts videotape with motion picture film, which is expressly included within the statute, and can be viewed without a projector.[8] However, there is no indication that subsection 827.071(5) excludes videotapes because a videotape player must be utilized to view the images.
Indeed, in State v. Beckman, 547 So.2d 210 (Fla. 5th DCA 1989), the defendant was charged, under subsection 827.071(5), with knowing possession of a videotape depicting sexual conduct. The fifth district upheld the constitutionality of subsection 827.071(5) against the argument that mere private possession of obscene material should not be criminalized. It was neither argued nor implied in Beckman that possession of a videotape might be excluded from the prohibitions of subsection 827.071(5). In fact, just the opposite conclusion can be inferred. See also State v. Tirohn, 556 So.2d 447 (Fla. 5th DCA 1990).[9]
In United States v. Smith, 795 F.2d 841 (9th Cir.1986), cert. denied, 481 U.S. 1032, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987), the defendant similarly argued that unprocessed, undeveloped film did not constitute a "visual depiction" within the terms of the federal pornography statute because "substantial, complicated, and costly developing must be done before any visually perceptible image is created." Id. at 846. The ninth circuit noted that "visual depiction" was not defined by statute.
While agreeing that color film must "undergo an elaborate developing process before any image can be perceived by the human eye," the ninth circuit concluded that exclusion of unprocessed film would be inconsistent with congressional intent; the fact that the film was undeveloped does not eliminate the harm to the child victims from the taking of the photographs. Id. at 846-47. In commenting on any due process implications of a more expansive definition, the court determined that a statute forbidding the mailing of "visual depictions" of sexually explicit conduct by minors gave the defendant fair notice that the mailing of undeveloped film of such activities was thereby prohibited. Id. at 847 n. 4.
Here, defendant does not raise the constitutional argument that section 827.01 *440 lacked definiteness such that it failed to provide fair notice that his conduct was prohibited.[10] While defendant correctly asserts that penal statutes must be strictly construed, this rule of strict construction arises from the due process requirement that criminal statutes must apprise ordinary persons of common intelligence what is prohibited. See Perkins v. State, 576 So.2d 1310, 1312-13 (Fla.1991).
It is "to the extent that definiteness is lacking, that a statute must be construed most favorable to the accused." See Perkins, 576 So.2d at 1312; see also § 775.021(1), Fla. Stat. (1995) ("when the language [of a statute] is susceptible of differing constructions, it shall be construed most favorably to the accused"). Here, because defendant does not raise a due process challenge and because we do not find the language of subsection 827.071(5) susceptible of different constructions, there is no occasion to invoke this principle.
The language of the statute simply is not susceptible to the construction advanced by defendant. Further, the restrictions on the scope of the statute urged by defendant, which appear nowhere within the language of section 827.071, would be inconsistent with the intent of statutes dealing with child pornography, and at odds with judicial explanations for upholding the constitutionality of statutes criminalizing simple possession of child pornography. See Schmitt v. State, 590 So.2d 404 (Fla.1991); see also Osborne v. Ohio, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990).
Our supreme court has declared that the "sexual exploitation of children is a particularly pernicious evil." Schmitt, 590 So.2d at 404. The "obvious purpose" of section 827.071 "is to prohibit certain forms of child exploitation.... [I]t is intended to regulate types of conduct and depictions of such conduct." Id. at 412 (emphasis supplied).
The law plainly allows a lesser tolerance for depictions of the sexual exploitation of children.... [T]he state's primary purpose is to destroy the market for such material and thus eliminate the economic incentive for the exploitation itself. Indeed, the exploitation of children for sexual purposes involves a level of heinousness of the highest magnitude.
Id. at 416 (emphasis supplied); see also Jones v. State, 640 So.2d 1084, 1085-86 (Fla. 1994).
It has been uniformly recognized that computer technology has made transmission of both text and visual images easier and faster than traditional methods such as the mail even with overnight delivery.[11] The use of computers to transmit and possess child pornography can only increase the market for child pornographyespecially with the clarity of images, the speed of transmission, and the ability to upload or download the images with ease.
Finally, we address the trial court's reasoning that because computer pornography is encompassed by section 847.0135,[12] subsection *441 827.071(5) does not apply to possession of computer images. In its order, the trial court found that if possession of computer images of child pornography could be punished under subsection 827.071(5), "it would in essence repeal the misdemeanor statute [section 847.0135]."[13]
The principle of in pari materia requires that a law be construed together with any other law relating to the same purpose such that they are in harmony. See T.R. v. State, 677 So.2d at 271. City of Boca Raton v. Gidman, 440 So.2d 1277, 1282 (Fla. 1983) (citations omitted); State Dep't of Revenue v. Stafford, 646 So.2d 803, 807 (Fla. 4th DCA 1994). Here, we find no conflict or disharmony between the two statutes that would prevent defendant's conduct from being punished under both statutes.
The same conduct may be punishable under more than one statute as long as the Blockburger[14] test is satisfied, unless there is contrary legislative intent. See Boler v. State, 678 So.2d 319, 321 (Fla.1996). "This test inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution." Id.
A review of the two statutes at issue here indicates that each statute contains an element not contained in the other. Subsection 827.071(5) requires proof of possession while section 847.0135 concerns the dissemination of information where that information is for the purpose of facilitating sexual conduct, or the visual depiction of such sexual conduct, with a minor. Further, defendant's alleged conduct in this case included not only the possession of computer images, but also an attempt to upload pornographic images of children to an on-line bulletin board.
A review of the staff analysis of the bill creating section 847.0135 supports the view that the enactment of that statute was not intended to supplant subsection 827.071(5). See Staff of Fla. S. Comm., CS for HB 731 (1986), Staff Analysis, (rev. April 18, 1986) (on file with comm.). The summary of the "present situation" acknowledges that possession of child pornography is punishable as a third-degree felony under section 827.071(5). See id. The analysis states that the Computer Pornography and Child Exploitation Act of 1986 (section 847.0135) was created "to prohibit the transmission of computer pornography involving minors." Id. "The intent of this bill is to prevent computer `hackers' from transmitting demographic and other information on children for the purpose of encouraging sexual conduct with a child." Id. The purpose of section 847.0135 was thus to enhance the protection of minors by prohibiting this unfortunate bi-product of computer technology.
Although the trial court found itself "adrift in an inter-net cyber-space of exploding computer technology," the result we reach does not require an adventure into the new world of cyberspace and virtual reality. Without reading words into the statute or stretching the meaning of the statutory language, we hold that possession of pornographic computer images of actual children constitutes possession of a photograph, representation or other presentation within the meaning of subsection 827.071(5).
Accordingly, that the trial court erred in dismissing these counts of the information arising from violations of that subsection. We reverse the trial court's order and remand with directions to reinstate the dismissed counts.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Section 827.071, Florida Statutes (1995), is entitled "Sexual performance by a child; penalties." Subsection (5) provides that:

It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child. The possession of each such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense. Whoever violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 827.071(5) (emphasis supplied).
[2] The trial court also based dismissal on its belief that the state had conceded an inability to show that the pornographic activity was performed by an actual, living child, rather than a computergenerated image. In actuality, the prosecutor, citing to U.S. v. Nolan, 818 F.2d 1015, 1017-18 (1st Cir. 1987), had argued that the issue of whether a real child was depicted was a jury question. On appeal, defendant has not argued this alternative basis for affirming the trial court's order of dismissal.
[3] The same terms are used without definition in section 847.013, entitled "Exposing minors to harmful motion pictures, exhibitions, shows, presentations, or representations."
[4] This court has, when considering a different issue, described a "computer animation" as a "pictorial representation." See Pierce v. State, 671 So.2d 186 (Fla. 4th DCA), quashed on other grounds, 686 So.2d 572 (Fla.1996). In this case, however, we do not deal with the issue of whether a computer-generated image not taken of a real child would fall within the prohibition of the statute. See generally David B. Johnson, Comment, Why the Possession of Computer-Generated Child Pornography can be Constitutionally Prohibited, 4 Alb. L.J. Sci. & Tech. 311 (1994). The state intends to prove at trial that the images here were not computer-animated or computergenerated, but were of actual, living children.
[5] Photographs can be scanned into digital form and then transmitted via modem, while still retaining their photo-realistic quality. See Johnson, supra note 4, at 314; see also Eric Handelman, Comment, Obscenity & the Internet: Does the Current Obscenity Standard Provide Individuals with the Proper Constitutional Safeguards, 59 Alb. L.Rev. 709, 710 (1995). In addition, digital cameras are now commercially available that take high-quality images that can be downloaded and viewed on a computer without the need for either film processing or scanning of photographs.
[6] The only expressed legislative intent was to make "the possession of one single depiction illegal." See Staff of Fla. S. Comm., S.B. 436 (1985), Staff Analysis, (final July 15, 1985) (on file with comm.). Contrary to defendant's position, this is indicative of a legislative intent to broadly prohibit possession of all forms of child pornography.
[7] See generally Sean A. Shiff, Comment, The Good, the Bad, and the Ugly: Criminal Liability for Obscene and Indecent Speech on the Internet, 22 Wm. Mitchell L.Rev. 731 (1996).
[8] Presumably, this is because an image on a motion picture film could be viewed with the naked eye by holding it up to the light. Clearly, this is not the usual or preferred way of viewing movies.
[9] Likewise, State v. Tirohn, 556 So.2d 447 (Fla. 5th DCA 1990), involved a defendant charged with knowingly possessing a video cassette tape that he knew to include sexual conduct by a child pursuant to sections 827.071(5). The focus of the constitutional attack in Tirohn was whether "sexual conduct" was overbroad because the definition could include innocent conduct.
[10] The disposition of this case is also unaffected by the U.S. Supreme Court's recent decision in Reno v. American Civil Liberties Union, ___ U.S. ___, ___, 117 S.Ct. 2329, 2332, ___ L.Ed.2d ___ (1997), which held certain provisions of the Communications Decency Act (CDA) of 1996 unconstitutional because they lacked "the precision that the First Amendment requires when a statute regulates the content of speech." The statutes here regulate child pornography, which is not protected by the First Amendment, see Osborne v. Ohio, 495 U.S. 103, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990); whereas, the CDA attempts to protect minors from harmful material on the Internet.
[11] See generally Shiff, supra note 7.
[12] Section 847.0135, the "Pornography and Child Exploitation Prevention Act of 1986," states in relevant part:

(2) Computer pornography.A person is guilty of a violation of this section if he knowingly compiles, enters into, or transmits by means of computer, or makes, prints, publishes, or reproduces by other computerized means, or knowingly causes or allows to be entered into or transmitted by means of computer, or buys, sells, receives, exchanges, or disseminates any notice, statement, or advertisement, or any minor's name, telephone number, place of residence, physical characteristics, or other descriptive or identifying information, for purposes of facilitating, encouraging, offering, or soliciting sexual conduct of or with any minor, or the visual depiction of such conduct.
§ 847.0135, Fla. Stat. (1995).
[13] Section 847.0135 was amended effective October 1, 1996 to increase the penalty for a violation of that section from a first-degree misdemeanor to a third-degree felony, similar to a violation of subsection 827.071(5). The amendments to section 847.0135 also prohibit certain uses of computer services and provide for liability of the owners or operators of the computer services. § 847.0135, Fla. Stat. (Supp.1996). The amendments would not apply to this defendant whose conduct occurred prior to the effective date of the amendments.
[14] Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).