752 So.2d 12 (2000)
STATE of Florida, Appellant/Cross-Appellee,
v.
Ronald FARNHAM, Appellee/Cross-Appellant.
No. 5D98-3335.
District Court of Appeal of Florida, Fifth District.
January 7, 2000.
Rehearing Denied March 3, 2000.
*13 Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellee.
ANTOON, C.J.
The state appeals the order entered by the trial court dismissing 87 counts of the amended information filed against Ronald Farnham. Mr. Farnham cross-appeals arguing that the trial court erred in granting the state leave to file a second amended information. We reverse the trial court's dismissal order and remand this matter for further proceedings.
The state filed a 105-count information against Ronald Farnham. All counts alleged the crime of possession of material depicting sexual conduct by a child in violation of section 827.071(5) of the Florida Statutes (1997). Specifically, the counts alleged that, "between October 11, 1997 and April 27, 1998" Mr. Farnham did "knowingly possess a photocopy, computer image, or other representation, which, in whole or in part" he knew to include "sexual conduct by a child ... contrary to Section 827.071(5), Florida Statutes."
Mr. Farnham filed a pretrial motion to dismiss counts 20 through 105 of the amended information. In his motion, Mr. Farnham explained that count 19 of the amended information charged him with illegally possessing a single computer file, A:/pictures.zip, which was contained on 18 separate computer disks, while counts 20 through 105 of the amended information charged him with possessing numerous individual computer images which were contained in the 18 computer disks comprised of the A:/pictures.zip file. In seeking a dismissal order the motion averred that, since count 19 of the amended information placed Mr. Farnham "in jeopardy" for possessing the single computer file, A:/pictures.zip, the additional prosecution of counts 20 through 105 would constitute "double jeopardy." Alternatively, the motion alleged that it was improper for the state to charge Mr. Farnham with possessing individual pictures which were contained within the larger A:/pictures.zip file, because possession of the individual pictures did not fall within the statutory language set forth in section 827.071(5) which prohibits the "possession of each such photograph, motion picture, exhibition, show, representation or presentation."
The trial court conducted a hearing on the motion. At the hearing, a deputy with the Seminole County sheriffs office testified that he analyzed the evidence seized in connection with the case against Mr. Farnham. He stated that in reviewing the 18 disks which formed Mr. Farnham's A:/pictures.zip file he found an archive file which contained "a whole bunch of graphic pictures." In explaining what an archive file is, the deputy testified that "what it is is it's a large container that you use to *14 contain a whole bunch of smaller files. It's akin to a filing cabinet." He explained that in Mr. Farnham's case it took 18 separate disks to contain his A:/pictures.zip archive file. The deputy further explained that the zip file is analogous to a hard drive because both can operate as containers to hold other files.
Following this testimony, defense counsel argued that dismissal of counts 20 through 105 was warranted because "there is simply no law existing as to whether a number of computer files ... placed into an archive file and zipped up into one single zip-type archive file constitutes a single or multiple counts." Upon review, the trial court agreed that dismissal of the disputed charges was warranted:
I find that each of these eighteen disks is a "presentation" which in whole or in part includes any sexual conduct by a child, so I am granting the motion to dismiss....
When requested by the prosecutor to reconsider, the court continued:
Unless you appeal it, you need to redraft the information to allege that each disk containseach disk is a representation containing child pornography the way the statute is worded. That's how you need to do it because that's my ruling. It's not that this picture out of this disk is pornography and that image out of that disk is pornography, it's that each disk is a representation containing in whole or in part pornography, so I will give the state leaveI will give the state two weeks or however long they want.
The court minutes reflect that the court then dismissed counts 19 through 105, while granting the state leave to file an amended information. This appeal followed.
The state contends that the trial court erred in dismissing counts 19 through 105 of the amended information because Mr. Farnham's possession of the entire A:/pictures.zip file, as well as his possession of each individual computer image contained in his A:/pictures.zip file, constitutes a separate offense under section 827.071(5) of the Florida Statutes. We agree.[1]
In considering this issue, we must look to legislative intent behind the enactment of section 827.071 in order to decide the allowable units of prosecution. See Burk v. State, 705 So.2d 1003 (Fla. 4th DCA 1998). As a means of discerning legislative intent where the defendant is charged with possession of multiple articles of the same type of contraband, our courts have focused on whether the legislature used the word "any" or the word "a" in describing the contraband. If the word "a" is used, the courts have discerned a legislative intent that each item of contraband be the basis for a separate unit of prosecution; if the word "any" is used, the courts have discerned a legislative intent that all of the contraband be viewed in the episodic sense with only a single unit of prosecution intended. See State v. Parrella, 736 So.2d 94 (Fla. 4th DCA 1999).
Mr. Farnham was charged in multiple counts with violating section 827.071(5) of the Florida Statutes' which provides in relevant part:
827.071. Sexual performance by a child; penalties.
* * *
(5) It is unlawful for any person to knowingly possess a photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child. The possession *15 of each such photograph, motion picture, exhibition, show, representation, or presentation is a separate offense. Whoever violates this subsection is guilty of a felony of the third degree ...
In applying the above cited case law, we conclude that the state's charging decision fell properly within the legal parameters regarding units of prosecution since the language of section 827.071 relates to possession of "a" pornographic photograph or other representation. We find further support for our conclusion in two decisions released by the Fourth District.
In State v. Cohen, 696 So.2d 435 (Fla. 4th DCA 1997), sheriff office investigators examined the defendant's multiple computer hard drives which contained data in files organized in various subdirectories. There were a number of different types of files, including programs, text files, and image files. The defendant's image files contained numerous images of child pornography that "appeared similar to a photograph on a screen." Pursuant to rule 3.190(c)(4), the trial court dismissed 32 counts of the information which charged the defendant with felony possession of child pornography in violation of subsection 827.071(5). In so ruling, the court adopted the defendant's argument that the language of subsection 827.071(5) does not prohibit possession of pornographic images stored on a computer hard drive. Upon review, the fourth district reversed, ruling that a pornographic computer image of an actual child constitutes "a photograph, representation, or other presentation, the possession of which is punishable as a third degree felony under subsection 827.071(5)" of the Florida Statutes. The court reasoned that a computer image is encompassed by the plain and ordinary meaning of the phrase "representation or other presentation" as defined in the dictionary and as commonly understood. Id. at 437. The court further ruled that the computer images "may" qualify under subsection 827.071(5) as copies of photographs. Pertinent to the issues raised in the instant appeal, the court noted in a footnote that the only expressed legislative intent behind enacting section 827.071 was to make "the possession of one single depiction illegal." Id. at 438 n. 6. In closing, the court ruled that the trial court had erred in dismissing the counts of the information "arising from violations of that subsection." Id. at 441.
Soon thereafter, the fourth district issued an opinion in Schneider v. State, 700 So.2d 1239 (Fla. 4th DCA 1997). In that case, the defendant was charged in multiple counts with violating section 827.071(5). The evidence reflected that the defendant induced two boys, ages 12 and 13, to pose for a photographic session in the nude and engage in sexual acts with each other. The police later confiscated the defendant's camera with undeveloped film in it. The subsequently developed film depicted nine pictures of the boys in sexual positions. In addressing the question of whether the state had improperly charged the defendant for possession of each of the nine pictures, the court ruled:
We affirm [defendant's] conviction and sentence on multiple counts, including nine counts of possessing material that includes sexual performance by a child.... The statute is unambiguous. We construe it, applying plain and ordinary meaning to its wording. [Citation omitted.] The statutory language is both clear and applicable. The dictionary lends further credence to our construction. Webster's defines the term photograph as `a picture or likeness obtained by photography' with the root word photography defined as the `the art or process of producing images on a sensitized surface (as a film) by the action of radiant energy and esp. light.' Merriam Webster's Collegiate Dictionary 857 (10th ed.1993). .... Hence, by definition, a photograph is the exposure of the film at the time the picture is snapped. A hard copy of the photograph is a print and the developed film would be a negative.... This court has *16 recently recognized that possession a computer image of child pornography is punishable under this statute. State v. Cohen, 696 So.2d 435 (Fla. 4th DCA 1997). Much of the reasoning in that opinion is applicable here.
Id. at 1239-40.
Review of the rulings set forth in these two cases support the position asserted by the state that the filing of separate charges against Mr. Farnham for his possession of both the entire A:/pictures.zip file and the individual images contained in the 18 disks which composed the A:/pictures.zip file was authorized because both offenses fall either within the definition of the term "presentation" or the term "representation" for purposes of the statute. Furthermore, as the fourth district noted in Cohen, the expressed legislative intent behind enacting section 827.071 was to make "the possession of one single depiction illegal." Cohen at 438 n. 6. Accordingly, we reverse the order of the trial court dismissing counts 19 through 105 of the amended information and remand this matter to the trial court for further proceedings.
In closing, we note that on cross-appeal Mr. Farnham argued that the trial court erred in granting the state leave to file an amended information to add 18 additional counts regarding his possession of the A:/pictures.zip file. This claim of error has been mooted by the fact that the trial court's dismissal order must be reversed.
REVERSED and REMANDED for further proceedings.
THOMPSON, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] It should be noted that the alternative basis of Mr. Farnham's dismissal motion was the argument that counts 20 through 105 of the state's amended information violated his right to be free from double jeopardy. However, our courts have ruled that a dismissal of charges based upon double jeopardy is premature because jeopardy has not attached. See State v. Keith, 732 So.2d 9, 10 n. 1 (Fla. 3d DCA 1999). Accordingly, the court's dismissal order cannot be sustained based upon a double jeopardy theory.