Dear Ms. Morris:
As general counsel for the Marion County School Board and on behalf of the Superintendent of Schools for Marion County, you have asked for this office's opinion on substantially the following question:
Does information regarding a school board employee's taxes constitute "payroll deduction records" pursuant to section 1012.31(3)(a)4., Florida Statutes, making it exempt from Florida's Public Records Act?
In sum:
 Tax information appearing on the Marion County School Board's payroll database as Federal Withholding Tax Deduction, FICA Tax Deduction, and Medicare Tax Deduction would appear to constitute "payroll deduction records" and would be exempt and confidential pursuant to section 1012.31(3)(a)4., Florida Statutes.
According to information that you have supplied to this office, the Marion County School Board has received a public records request for
 "[a]ll non-exempt portions of the payroll database or other such internal operating resource which reflect the Name, Address, Telephone Number, Wages, Taxes, Marital Status and Number [of] Exemptions/Allowances Claimed of employees of the School Board of Marion County." (e.s.)
You are aware of section 1012.31(3)(a)4., Florida Statutes, which provides that "[t]he payroll deduction records of an employee shall be confidential and exempt from the provisions of s. 119.07(1)." You advise that certain tax information appears on theMarion County School Board's payroll database and is designated as: Federal Withholding Tax Deduction, FICA Tax Deduction, and the Medicare Tax Deduction. Examples of other designations for payroll deduction that customarily appear on the Marion County School Board's payroll database are: credit union deductions, United Way contributions, tax sheltered annuity deductions, insurance deductions, garnishments, union dues, child support deductions, and fees for newly hired employees.
The Marion County School Board has provided responsive records to the public records requestor, but has withheld the tax information relating to the deductions of school board employees and asks whether these records may constitute "payroll deduction records" which are confidential and exempt from the Public Records Law pursuant to section 1012.31(3)(a)4., Florida Statutes.
 "Public records" are broadly defined for purposes of Chapter 119, Florida Statutes, the Public Records Law, to include records or documents made or received by an agency during the transaction of official business.[1] The Florida Constitution and section 119.01, Florida Statutes, establish the public's right of access to public records in clear and unequivocal terms. Only those public records provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the mandatory inspection and copying provisions of the Public Records Law.[2] Therefore, in the absence of a specific legislative exemption, records made or received by public agencies are open for public inspection pursuant to Chapter 119, Florida Statutes.[3]
Section 1012.31, Florida Statutes, (originally enacted as section 231.291, Florida Statutes), was adopted by the Legislature in 1983.[4]
The statute recognizes that public school system employee personnel files are subject to the Public Records Law and provides a number of specific exemptions from the act. As enacted, the statute made payroll deduction records of public school system employees confidential and clearly provided that these records were not subject to the inspection and copying requirements of Chapter 119, Florida Statutes.[5] While the statute is directed to personnel files, the definition of "personnel file" is broad:
 "The term `personnel file,' as used in this section, means all records, information, data, or materials maintained by a public school system, in any form or retrieval system whatsoever, with respect to any of its employees, which is uniquely applicable to that employee whether maintained in one or more locations."[6]
Thus, data maintained by the public school system in its payroll database would appear to fall within the scope of the term "personnel file" for purposes of section 1012.31, Florida Statutes.
In construing the meaning of a statute, the primary purpose is to give effect to the intention of the Legislature.[7] Resort must be made first to the language of the statute itself. However, when the language of the statute is unclear, the legislative history may be consulted for the purpose of determining the legislative intent. This office has reviewed the legislative history surrounding the enactment of section 231.291, Florida Statutes, (now section 1012.31, Florida Statutes) and has found nothing that would more clearly delineate what the Legislature intended to include within the term "payroll deduction records."
In the absence of a statutory definition, the plain and ordinary meaning of words can be ascertained, if necessary, by reference to a dictionary.[8] "Payroll" is commonly defined as "a list of employees to be paid, with the amount due to each"[9] and "[a] list of employees and the wages due to each."[10] A "deduction" is "the act or process of deducting; subtraction" and "[s]omething that is or may be deducted."[11] The word "records," for purposes of the Public Records Law includes
 "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[12]
Thus, utilizing the commonly understood meaning of the words "payroll deduction records," it would appear that the Legislature intended the exemption to broadly reach all documents or materials contained in a public school employee personnel file that reflect the amounts subtracted by the school district from the pay of an employee and the purposes or entity to which those deductions are directed. It would appear therefore, that portions of the Marion County School Board's payroll database included under such headings as Federal Withholding Tax Deduction, FICA Tax Deduction, and the Medicare Tax Deduction, would fall within the scope of the term "payroll deduction records" and are confidential and exempt from production and copying under the Public Records Law.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See s. 119.011(12), Fla. Stat., defining "[p]ublic records" to mean "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency[;]" and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So. 2d 633, 640 (Fla. 1980). And see s. 119.011(2), Fla. Stat., defining "Agency" to mean "any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[2] See s. 119.07(1)(d), Fla Stat., stating that the custodian of a public record who asserts that an exemption applies shall redact only that portion of the record to which the exemption is asserted and validly applies and produce the remainder of the record for inspection and copying; and see Art. I, s. 24, Fla. Const.
[3] See, e.g., Caswell v. Manhattan Fire and Marine Insurance Company,399 F.2d 417 (5th Cir. 1968) (certain investigative records of State Insurance Commissioner ordered to be produced for public inspection under Ch. 119, Fla. Stat.); and see Wait v. Florida Power and Light Company, 372 So. 2d 420 (Fla. 1979) (only the Legislature can create exceptions to the Public Records Law).
[4] See Ch. 83-135, Laws of Fla., creating s. 231.291, Fla. Stat., and s. 705, Ch. 2002-387, Laws of Fla., repealing Ch. 231, Fla. Stat., and enacting s. 1012.31, Fla. Stat.
[5] See s. 2, Ch. 83-135, Fla. Stat.
[6] Section 1012.31(4), Fla. Stat.
[7] People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921), and City of St. Petersburg v. Siebold, 48 So. 2d 291 (Fla. 1950).
[8] See Green v. State, 604 So. 2d 471, 473 (Fla. 1992); Plante v. Department of Business and Professional Regulation, 685 So. 2d 886, 887
(Fla. 4th DCA 1996), State v. Cohen, 696 So. 2d 435 (Fla. 4th DCA 1997).
[9] Webster's New Universal Unabridged Dictionary (2003) p. 1425.
[10] The American Heritage Dictionary (Office Edition, 1983) p. 504.
[11] Webster's New Universal Unabridged Dictionary (2003) p. 520; and see The American Heritage Dictionary (Office Edition, 1983) p. 185.
[12] Section 119.011(12), Fla. Stat., defining "[p]ublic records."