PER CURIAM.
This cause is before us on appeal from an order removing appellant Mayfield as *817 guardian of Crawford’s property. The appeal was dismissed by order of this court dated November 5, 1984, because Mayfield failed to purge himself of contempt of the court below. The cross appeal remains, challenging the ruling that Mayfield need not account for a $20,200 discrepancy in the ward’s (Crawford’s) assets.
We affirm the trial court’s denial of the motion challenging the inventory, which is based on the determination that Mayfield need not account for the $20,200 discrepancy in the ward’s assets which arose before Mayfield was appointed guardian of the property. There was no discrepancy in the inventory during the guardianship.
We do not have before us at this time the issue of whether there was a breach of a fiduciary duty while Mayfield held a power of attorney.[1]
AFFIRMED.
BOOTH, SHIVERS, and ZEHMER, JJ., concur.

. The notice of appeal is directed to the order of the trial court rendered October 31, 1983, which order is limited as follows:
THIS CAUSE came on to be heard on August 30, 1983 and on September 23, 1983 on the Petition for Removal of Guardian of the Property, the Amended Inventory and Accounting from May 7, 1982 [date Mayfield was appointed guardian of the property and beginning date for the challenged inventory and accounting] through August 25, 1982 with the Objections to Inventories of David A. May-field, Jr., Guardian of the Property_