■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST ROSS, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from his conviction for attempted burglary in the third degree and possession of burglar's tools, defendant contends that the circumstantial evidence was legally insufficient to prove defendant's involvement in the crime. We disagree. A witness heard banging noises at a nearby restaurant at 4:30 A.M. and observed two men at the side door of the restaurant. The police responded one minute later and observed two men slouching down in the front seat of a car parked behind the restaurant. Police subsequently found a pair of rubber gloves underneath the driver's seat, a tire iron on the floor of the rear seat behind the driver, and a screwdriver and pair of rubber gloves on the ground outside the passenger side of the car. Both pairs of gloves were partially turned inside out, and the tire iron and screwdriver matched fresh marks on the side door of the restaurant. That evidence, viewed in the light most favorable to the People (see, People v Giuliano, 65 NY2d 766, 767-768),

was legally sufficient to support the jury's verdict *(see, People v Wachowicz,* 22 NY2d 369). Upon our independent review of the record, we find that the jury verdict was not contrary to the weight of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant's claims of error concerning the trial court's *Sandoval* ruling and cross-examination of a codefendant about an uncharged crime are without merit *(see, People v Gianni,* 154 AD2d 939), and the sentence imposed was not harsh or excessive. (Appeal from judgment of Oneida County Court, Murad, J.—attempted burglary, third degree.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.