604 So.2d 471 (1992)
Anthony E. GREEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 79183.
Supreme Court of Florida.
August 27, 1992.
*472 Nancy A. Daniels, Public Defender and Lynn A. Williams, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Crim. Appeals, Asst. Atty. Gen. and Laura Rush, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
Anthony Green petitions this Court to review Green v. State, 591 So.2d 965, 967 (Fla. 1st DCA 1991), in which the district court certified the following question as being of great public importance:
Are items of personal apparel, such as common gloves, included under the terms "tool, machine, or implement" as used in section 810.06, Florida Statutes?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the certified question in the negative and quash the decision below.
On January 24, 1990, the victim of a burglary telephoned for emergency assistance after she heard a noise and saw a human shadow on the porch adjacent to her bedroom. The officers who responded to the victim's call saw Green running on the street near the victim's home and apprehended him after a brief chase. At trial, one of the officers testified that the temperature was between the fifties and sixties at the time of the arrest and that Green was wearing a jump suit and garden gloves.
Green was charged with burglary[1] and with possession of burglary tools,[2] based on his possession of gloves when apprehended. The jury found Green guilty of both offenses. On appeal, the district court affirmed his conviction and sentences and certified the question.
Section 810.06, Florida Statutes (1989), provides in pertinent part: "Whoever has in his possession any tool, machine, or implement with intent to use the same, or allow the same to be used, to commit any burglary or trespass shall be guilty of a felony." Although the state concedes that gloves do not fall within the commonly accepted meaning of "machine," it argues *473 that the plain meanings of "tool" and "implement" include personal apparel such as gloves. We disagree.
Common household objects, which generally might have a useful and lawful purpose, may be classified as burglary tools if they are used with the intent to commit a burglary. Thomas v. State, 531 So.2d 708 (Fla. 1988). For example, this Court has upheld convictions for possession of bolt cutters[3] and screwdrivers[4] as burglary tools. We recognize the potential for gloves to be used in conjunction with tools in the process of committing a burglary.[5] While gloves can provide a means for burglars to avoid leaving fingerprints, they and other items of personal apparel are not objects which actually facilitate the breaking and entering of a dwelling.
One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature. Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984). If necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary. Gardner v. Johnson, 451 So.2d 477 (1984). The dictionary defines "tool" as "something that serves as a means to an end: an instrument by which something is effected or accomplished." Merriam-Webster's Third New International Dictionary 2408 (1986). "Tool" is also defined as "an implement or object used in performing an operation or carrying on work of any kind." Id. As the state points out, gloves are essential tools of the trade for some workers, such as firefighters and surgeons. However, the essential nature of clothing in those types of situations does not warrant the broad expansion of the definition of "tool" that the state proposes. As Judge Allen stated in his dissent in the decision below, the plain meaning of "tool" simply does not include articles of personal apparel that may be used as instruments to commit a burglary.
Another maxim of statutory construction, ejusdem generis, is applicable to our our interpretation of the phrase "tool, machine or implement." Under the doctrine of ejusdem generis, where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated. State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381, 385 (Fla. 1958). With respect to the language in section 810.06, the word "implement" should be interpreted to refer to objects similar in nature to "tools" or "machines." Because gloves are not included in the definitions of "tool" or "machine," the doctrine of ejusdem generis limits the word "implement" to a definition that does not include gloves.
If this Court stretched the phrase "tool, machine, or implement" to include items of personal apparel, we would be in grave danger of destroying both the legislature's intent as to and the common person's understanding of the statutory language. Therefore, we answer the certified question in the negative and conclude that items of personal apparel, such as common gloves, are not included under the terms "tool, machine, or implement" as used in section 810.06. We therefore quash the decision under review and direct the district court to reverse the conviction for possession of burglary tools. We decline to address the other issues raised by Green.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] § 810.02, Fla. Stat. (1989)
[2] § 810.06, Fla. Stat. (1989).
[3] Desin v. State, 414 So.2d 516 (Fla. 1982).
[4] Thomas v. State, 531 So.2d 708 (Fla. 1988).
[5] Other jurisdictions have upheld convictions for possession of burglary tools when the defendant has been found with gloves. In those cases, however, tools such as chisels, tire irons, and hammers were also found in the defendants' possession. Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962), appeal dismissed and cert. denied, 372 U.S. 709, 83 S.Ct. 1018, 10 L.Ed.2d 125 (1963); People v. Ross, 161 A.D.2d 1191, 555 N.Y.S.2d 524 (App.Div. 1990); State v. Nichols, 268 N.C. 152, 150 S.E.2d 21 (1966); but see Moore v. State, 244 Ark. 1197, 429 S.W.2d 122 (1968), cert. denied, 393 U.S. 1063, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969).