Mr. Paul R. Gougelman, III Town of Melbourne Beach Attorney 1825 South Riverview Drive Melbourne, Florida 32901
Dear Mr. Gougelman:
On behalf of the Town of Melbourne Beach, you ask substantially the following questions:
1. Does section 166.231, Florida Statutes, permit the town to impose a utility tax on the purchase of electricity, metered or bottled gas, and telecommunication services at a rate of 6.65 percent of the monthly utility charge or not more than $1.60 per month per utility charge, whichever is less?
2. Does section 166.231, Florida Statutes, permit the town to assess utility taxes at a percentage less than the 10 percent rate referenced in the statute without a cap on the dollar amount to be paid by the consumer/utility?
In sum:
1. While section 166.231, Florida Statutes, permits the town to assess utility taxes on the purchase of electricity, metered or bottled gas and telecommunication services at a percentage less than the 10 percent rate referenced in the statute, it does not permit the town to place a cap on the dollar amount that may be taxed, creating an exemption from such taxes that exceed $1.60 per month per utility charge.
2. Section 166.231, Florida Statutes, permits the town to assess utility taxes at a percentage less than the 10 percent rate referenced in the statute without a cap on the dollar amount to be paid by the consumer/utility.
Section 166.231, Florida Statutes, authorizes municipalities to levy a public service tax on the purchase of electricity, metered or bottled gas, and water service, as well as telecommunication services.[1] Subsection (1)(a) of section 166.231 provides in part:
The tax shall be levied only upon purchases within the municipality and shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service.
Subsection (9)(a) of the statute also imposes a cap on the purchase of telecommunications services by providing that a municipality may levy a tax on telecommunications services as defined in section 203.012(3), Florida Statutes,[2]
(a)1. Only upon purchases within the municipality of local telephone service as defined in s. 203.012(3) at a rate not to exceed 10 percent of the monthly recurring customer service charges, . . .;[3] or
2. Only upon purchases within the municipality of telecommunications service which originates and terminates in this state at a rate not to exceed 7 percent of the total amount charge for any telecommunications service provided within the municipality or, if the location of the telecommunications service provided cannot be determined, the total amount billed for such telecommunications service to a telephone or telephone number, a telecommunications number or device, or a customers' billing address located within the municipality. . . .[4]
In Attorney General Opinion 87-45 this office considered whether a municipality levying a public service tax could provide a maximum tax of $25 per monthly billing of each taxable item or service of electricity, bottled or metered gas, fuel oil and telegraph services. As recognized in that opinion, the origin of a municipality's taxing power is found in section 1(a) and (9) of Article VII, Florida Constitution, rather than the home rule powers of Article VIII, section 2(b), Florida Constitution. A municipality, therefore, in exercising its taxing power, is limited to that taxing power expressly or by necessary implication conferred. Without legislative authorization, a municipality may not contract away its power to impose taxes or alter the provisions of general law providing for the imposition of taxes.[5]
Section 166.231, Florida Statutes, sets forth several exceptions to the tax. The statute, among other things, specifically authorizes a municipality to exempt from taxation any amount up to and including the first 500 kilowatts of electricity purchased per month for residential use.[6] However, the taxing scheme set forth in your letter, instead of exempting the first 500 kilowatts of residential use, would actually provide an exemption for all use over a certain amount.
As stated in Attorney General Opinion 87-45, the exemptions set forth in section 166.231 do not provide a dollar amount tax cap on the public service tax.[7] Thus, under the well-established rule of statutory construction that the express mention of one thing in a statute implies the exclusion of another, a municipality is not authorized to exempt from taxation that portion of the service generating a tax in excess of a stated dollar amount.
Accordingly, I am of the opinion that section 166.231, Florida Statutes, does not permit the town to impose a utility tax on the purchase of electricity, metered or bottled gas, and telecommunication services at a rate of 6.65 percent of the monthly utility charge or not more than $1.60 per month per utility charge, whichever is less.
Question Two
Section 166.231, Florida Statutes, authorizes the imposition of the public service tax which "shall not exceed 10 percent of the payments received by the seller of the taxable item from the purchaser for the purchase of such service." (e.s.) The plain language of the statute does not set the tax but rather places a percentage rate cap on the tax.[8] Accordingly, it appears that section 166.231, Florida Statutes, permits the town to assess utility taxes at a percentage less than the 10 percent rate referenced in the statute without a cap on the dollar amount to be paid by the consumer/utility.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 166.231(1)(a) and (9), Florida Statutes.
[2] Section 203.012(5), Florida Statutes, defines the term "telecommunication service" to mean:
(a) Local telephone service, toll telephone service, telegram or telegraph service, teletypewriter or computer exchange service, or private communication service; or
(b) Cellular mobile telephone or telecommunication service; or specialized mobile radio, and pagers and paging service, including but not limited to "beepers" and any other form of mobile and portable one-way or two-way communication; but does not include services or equipment incidental to telecommunication services enumerated in this paragraph such as maintenance of customer premises equipment, whether owned by the customer or not, or equipment sales or rental for which charges are separately stated, itemized, or described on the bill, invoice, or other tangible evidence of the provision of such service.
[3] The statute excludes public telephone charges collected on site, access charges, and any customer access line charges paid to a local telephone company.
[4] Excluded are public telephone charges collected on site, charges for any foreign exchange service or any private line service except when such services are used or sold as a substitute for any telephone company switched service or dedicated facility by which a telephone company provides a communication path, access charges and any customer access line charges paid to a local telephone company.
[5] See, Eastern Shores v. City of North Miami Beach,363 So.2d 321, 323 (Fla. 1978).
[6] Section 166.321(3), Florida Statutes.
[7] And see, Op. Att'y Gen. Fla. 89-11 (1989), in which this office stated that the City of Groveland was not authorized to establish a cap which would exempt from taxation that portion of the service generating tax revenue in excess of a maximum monetary cap.
[8] See, Webster's Third New International Dictionary Exceed p. 791 (unabridged ed. 1981) (to go beyond). And see, Green v. State,604 So.2d 471 (Fla. 1992) (statutory language must be given its plain and ordinary meaning, unless words are defined in statute or by clear intent of the Legislature).