The Honorable Barry S. Seltzer United States Magistrate Judge United States District Court Southern District of Florida 299 East Broward Boulevard Fort Lauderdale, Florida 33301
Dear Judge Seltzer:
You ask substantially the following question:
Does section 40.013(2)(a), Florida Statutes, preclude a United States Magistrate Judge from qualifying to serve as a juror?
In sum:
Section 40.013(2)(a), Florida Statutes, does not preclude a United States Magistrate Judge from qualifying to serve as a juror.
Section 40.013(2), Florida Statutes, provides:
(a) Neither the Governor, nor Lieutenant Governor, nor any Cabinet officer, nor clerk of court, or judge shall be qualified to be a juror. (b) Any full-time federal, state, or local law enforcement officer or such entities' investigative personnel shall be excused from jury service unless such persons choose to serve.
The plain language of the section precludes a judge from qualifying as a juror. For purposes of the statute the term "judge" is not defined. In this instance, however, the general term "judge" is used in association with a class of state officials including the governor, lieutenant governor and cabinet officers, and a county constitutional officer, the clerk of court. The Legislature's association of the general term "judge" with the more specific state and county officers in enumerating the officials who are ineligible to serve as jurors can be interpreted to limit the application of section 40.013(2)(a), Florida Statutes, to state and county judges.[1]
Previously, section 40.07, Florida Statutes (1977), enumerated those persons disqualified as jurors and in pertinent part provided: (2) BY OFFICIAL POSITION — Neither the governor, nor his cabinet officers, nor any sheriff or his deputy, municipal police officer, property appraiser, collector of revenue, county treasurer, clerk of court, judge, county commissioner, or United States official shall be qualified to be a juror. (e.s.)
Section 40.07, Florida Statutes (1977), was amended and transferred to section 40.013(2), Florida Statutes.[2] As part of the amendment, reference to "United States official" was deleted. The statute was amended again during the 1992 Legislative Session to disqualify the Lieutenant Governor from jury service and to automatically excuse full-time federal, state, or local law enforcement officers and investigative personnel unless such persons choose to serve.[3]
In light of the Legislature's previous express exclusion of "United States official" from jury service and subsequent amendment of the statute to delete such officials from the list of those who are not qualified to serve as jurors, it does not appear that section 40.013(2), Florida Statutes, precludes a federal official from being qualified for jury service.
Accordingly, it is my opinion that section 40.013(2)(a), Florida Statutes, does not preclude a United States Magistrate Judge from being qualified to serve as a juror in a court of this state.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Green v. State, 604 So.2d 471 (Fla. 1992) (when a statute enumerates specific things followed by a more general word, the general word will usually be construed to refer to the same kind or species of those specifically enumerated).
[2] See, s. 4, Ch. 79-235, Laws of Florida (1979).
[3] See, s. 1, Ch. 92-8, Laws of Florida (1992).