RYDER, Acting Chief Judge.
Riley Mitchell appeals the trial court’s denial of his motion for judgment of acquittal on charges of burglary of a structure, possession of burglary tools, petit theft and obstructing or opposing an officer without violence. We agree with the appellant as to the conviction of possession of burglary tools, but otherwise affirm.
The state must prove that the appellant had in his “possession any tool, machine or implement with intent to use the same, or allow the same to be used to commit any burglary or trespass_” § 810.06, Fla. Stat. (1993). The state merely offered an officer’s testimony that Mitchell had a pair of socks in his pocket when he was searched. No other evidence was presented to establish that the socks were used in the burglary. Absent other evidence that the socks were used in conjunction with the process of committing a burglary, we must reverse and set aside the conviction for possession of burglary tools. See Green v. State, 604 So.2d 471 (Fla.1992).
We note, however, that without the additional points assessed for the offense of possession of burglary tools, the appellant’s guideline sentence drops into the next lower range. Accordingly, we also remand for re-sentencing.
Affirmed in part, reversed in part and remanded.
CAMPBELL and WHATLEY, JJ., concur.