PER CURIAM.
T.H. appeals an adjudication of delinquency for the offenses of trespass in a conveyance and possession of burglary tools. We affirm the adjudication based on the finding of trespass in a conveyance but reverse the finding that T.H. possessed burglary tools.
T.H. was arrested after fleeing from the passenger’s seat of a stolen vehicle. The arresting officer discovered a pair of socks underneath T.H. during the arrest. T.H. was not wearing the socks at the time of his arrest, and the state introduced evidence that he intended to use the socks to wipe fingerprints from the interior of the vehicle. The trial court found that these socks were burglary tools and adjudicated the defendant delinquent.
The supreme court has held that socks are “items of personal apparel” that do not fall within the definition of burglary tools in section 810.06, Florida Statutes (1993). Green v. State, 604 So.2d 471 (Fla.1992); see also Mitchell v. State, 657 So.2d 943 (Fla. 2d DCA 1995). The state argues that Green controls only when the apparel is worn for its intended use. We do not find language in that case which limits the holding to those instances. Rather, Green holds that section 810.06 does not contain a definition of burglary tools sufficient to encompass items of personal apparel even if they are actually used to prevent fingerprint evidence.
Affirmed as modified.
DANAHY, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.