Mr. Garth C. Coller Hernando County Attorney 20 North Main Street Room 462 Brooksville, Florida 34601
Dear Mr. Coller:
You ask substantially the following questions:
1. May the county require certification of persons performing drywall installation on single-family residences, without regard to whether the person is supervised by another contractor?
2. What constitutes being "under the supervision of" for purposes of section 489.117(4)(e), Florida Statutes?
In sum:
1. The county may not require certification of persons performing drywall installation on single-family residences when such persons are working under the supervision of a certified or registered general, building, or residential contractor.
2. Neither Chapter 489, Florida Statutes, nor administrative rules promulgated thereunder provide a definitive statement of what constitutes "under the supervision of" for purposes of section489.117(4)(e), Florida Statutes. Such a determination is a mixed question of law and fact that may not be resolved by this office.
Question One
Section 489.113(2), Florida Statutes, states:
"No person who is not certified or registered shall engage in the business of contracting in this state. However, for purposes of complying with the provisions of this chapter, a person who is not certified or registered may perform construction work under the supervision of a person who is certified or registered, provided that the work is within the scope of the supervisor's license and provided that the person being supervised is not engaged in construction work which would require a license as a contractor under any of the categories listed in s. 489.105(3)(d)-(o). This subsection does not affect the application of any local construction licensing ordinances. . . ."[1]
This allows persons who are not registered or certified to perform construction work under the supervision of a person who is registered or certified, if the work falls within the scope of the supervisor's license and it is not construction work that otherwise requires licensure under section 489.105(3)(d)-(o), Florida Statutes.
Section 489.117, Florida Statutes, governs the registration of contractors who are not certified by the Construction Industry Licensing Board (board). To be registered, an applicant must submit to the board the required fee and file evidence of holding a current local occupational license and evidence of successful compliance with the local examination and licensing requirements in the area for which registration is required.[2] Registration limits the registrant's ability to engage in contracting only to the counties, municipalities, or development districts where the registrant has complied with all local licensing requirements and only for the type of work covered by the registration.[3]
For specialty contractors, section 489.117(4)(a), Florida Statutes, provides:
"A person holding a local license whose job scope does not substantially correspond to either the job scope of one of the contractor categories defined in s. 489.105(3)(a)-(o), or the job scope of one of the certified contractor categories previously established by board rule as of the effective date of this provision, shall not be required to register with the board to perform contracting activities within the scope of such specialty license."
In this instance, gypsum drywall specialty contractors are not listed in section 489.105(3)(a)-(o), Florida Statutes. Rule61G4-15.017, Florida Administrative Code, however, has as its stated purpose to provide for the "voluntary" certification of gypsum drywall specialty contractors.[4] A "[s]pecialty contractor" is defined as one "whose scope of work and responsibility is limited to a particular phase of construction and whose scope is limited to a subset of the activities described in the categories established in one of the paragraphs of this subsection."[5] The board is authorized to designate by rule those types of specialty contractors who may be certified under the law and to establish the limit of the scope of work and responsibility of such contractors. A certified specialty contractor category established by rule for gypsum drywall specialty contractors, however, exists only as a voluntary state-wide licensing category and does not create a mandatory licensing requirement.
You state that Hernando County Code of Ordinances, section 8-28(4), requires certification of gypsum drywall contractors. The county has taken the position that this local licensure requirement, when considered with the board's rule providing for the voluntary certification of gypsum drywall specialty contractors, requires gypsum drywall specialty contractors to register with the board pursuant to section 489.117(4)(a), Florida Statutes.
Section 489.117(4)(e), Florida Statutes, however, states:
"Any person who is not required to obtain registration or certification pursuant to s. 489.105(3)(d)-(o) may perform specialty contracting services for the construction, remodeling, repair, or improvement of single-family residences without obtaining a local professional license if such person is under the supervision of a certified or registered general, building, or residential contractor."
In Attorney General Opinion 93-62, this office addressed whether the exemption created in section 489.117(4)(e), Florida Statutes, precludes local licensure of persons working under the supervision of certified or registered contractors. The opinion recognized that the exemption from state registration granted in section489.113(2), Florida Statutes, does not affect the application of local construction licensing ordinances. It was determined, however, that section 489.117(4)(e), Florida Statutes, does establish a limited exemption from local licensure requirements when the persons specified in the statute are performing specialty contracting services for the construction, remodeling, repair or improvement of a single-family residence, under the supervision of a certified or registered general, building, or residential contractor.
No amendments to Chapter 489, Florida Statutes, or case law interpreting it have altered the conclusion reached in Attorney General Opinion 93-62. Accordingly, the county may not require certification of persons performing drywall installation on single-family residences when such persons are working under the supervision of a certified or registered general, building, or residential contractor
Question Two
A review of Chapter 489, Florida Statutes, and the administrative rules promulgated thereunder reveals no definition of supervision for purposes of the act. Absent a statutory definition, when words of common usage are used in a statute they should be construed in their plain and ordinary sense.[6] The plain and ordinary meaning of a word can be determined by reference to a dictionary.[7] The word "supervision" is defined as "the act, process, or occupation of supervising: direction, inspection, and critical evaluation."[8]
While there is no case law that has interpreted the term for purposes of Chapter 489, Florida Statutes, "supervision" has been addressed in cases involving issues of tort liability or workers compensation in employment situations. For example, in a determination of whether an individual is an employee or independent contractor, it has been determined that where inspections demonstrate a concern over the final product rather than "supervision of the details," the individual is an independent contractor.[9] Moreover, to impose liability on the owner of a project for the injuries of a contractor, "[t]here must be such a retention of a right of supervision that the contractor is not entirely free to do the work his own way."[10]
Where courts have been asked to determine the status of an individual for employment purposes, such determinations have required an evaluation of the facts pertinent to each case. Likewise, a determination of whether an individual is performing work "under the supervision of" a contractor would require factual considerations that fall outside the scope of this office's authority.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 489.105(3)(d)-(o), Fla. Stat., includes: Sheet metal contractor; Roofing contractor; Class A air-conditioning contractor; Class B air-conditioning contractor; Class C air-conditioning contractor; Mechanical contractor; Commercial pool/spa contractor; Residential pool/spa contractor; Swimming pool/spa servicing contractor; Plumbing contractor; Underground utility and excavation contractor; and Solar contractor.
[2] See, s. 489.117(1)(a), Fla. Stat.
[3] See, s. 489.117(1)(b), Fla. Stat.
[4] Formerly, Rule 21E-15.017, F.A.C. Cf., Rule 61G4-15.021, F.A.C., has as its purpose "to provide for the certification of solar contractors." And see, s. 489.105(3)(o), Fla. Stat., defining "[s]olar contractor" for purposes of regulation under Ch.489, Fla. Stat.
[5] Section 489.105(3)(q), Fla. Stat.
[6] Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958).
[7] Green v. State, 604 So.2d 471 (Fla. 1992); Gardner v.Johnson, 451 So.2d 477 (Fla. 1984).
[8] Webster's Third New International Dictionary 2296 (unabridged ed. 1981).
[9] See, Quality Drywall Contractors, Inc., v. State, Dept. ofLabor and Employment Security, Div. of Unemployment Compensation,501 So.2d 144 (Fla. 2d DCA 1987) (drywall workers hired on piecework basis by drywall contractor were not contractor's employees for purposes of unemployment compensation law).
[10] Cecile Resort, Ltd. v. Hokanson, 729 So.2d 446, 448 (Fla. 5th DCA 1999), citing, Armenteros v. Baptist Hospital of Miami,Inc., 714 So.2d 518, 522 (Fla. 3d DCA 1998) (quoting RESTATEMENT (SECOND) OF TORTS s. 414).