Chief C.E. Sharrett, Jr. Plantation Chief of Police 451 Northwest 70th Terrace Plantation, Florida 33317
Dear Chief Sharrett:
You ask substantially the following question:
May a law enforcement agency use the funds collected pursuant to section938.15, Florida Statutes, to pay tuition for a college course, undergraduate or graduate, that specifically pertains to the sworn officer's or support personnel's function?
In sum:
A law enforcement agency may use the funds collected pursuant to section938.15, Florida Statutes, only for courses that relate directly to criminal justice education and training courses; such funds may not be used to fund courses unrelated to criminal justice except in those instances where completion of such course is a requirement for successful completion of a criminal justice degree program.
Section 938.15, Florida Statutes, provides in pertinent part:
"In addition to the costs provided for in s. 938.01, municipalities and counties may assess an additional $2 for expenditures for criminaljustice education degree programs and training courses, including basic recruit training, for their respective officers and employing agency support personnel, provided such education degree programs and training courses are approved by the employing agency administrator, on a form provided by the commission, for local funding."[1] (e.s.)
This section was formerly contained in section 943.25(13), Florida Statutes (1995). In 1997, the statute was renumbered by section 14, Chapter 97-271, Laws of Florida, as part of a legislative effort to consolidate and categorize the statutory provisions relating to court costs and to assist the judiciary and others in identifying and locating the applicable laws relating to court costs.[2]
This office in Attorney General Opinion 93-50 considered the provisions of then section 943.25(13), Florida Statutes (1993) (now section 938.15, Florida Statutes), stating that the statute, by its terms, specifically applies to training and degree programs and courses that relate to "criminal justice education." As noted therein, it is a fundamental rule of statutory construction that words in a statute are to be given their plain and ordinary meaning.[3] Further, this statute and its precursors[4] have been interpreted by this office as authorizing the expenditure of the funds collected thereunder only for criminal justice or law enforcement education.[5]
This office noted in Attorney General Opinion 93-50 that the statute recognizes that these funds may be expended for courses that comprise "criminal justice education degree programs" and these programs may include requirements for the successful completion of certain general education courses. This office stated that to the extent that an officer is participating in a criminal justice degree program and is required to complete certain general education courses to receive his or her degree in criminal justice, the funds collected from the additional $2 assessment could be expended.
Thus, this office concluded that the additional costs collected under section 943.25(13), Florida Statutes (1993), could only be used for courses that relate directly to criminal justice education and training courses and may not be used to fund general education for law enforcement officers, except in those instances where completion of general education courses is a requirement for successful completion of a criminal justice degree program.
As noted above, while section 943.25(13), Florida Statutes, was renumbered as section 938.15, Florida Statutes, the language contained in both provisions is virtually the same. The conclusions reached in the earlier Attorney General Opinion would therefore appear to be equally applicable to the interpretation of section 938.15. Thus, section 938.15
would appear to limit the expenditure of funds collected under its provisions to courses directly related to criminal justice education and training courses. Such monies may not be used to fund general education for law enforcement officers or support personnel, except in those instances where completion of general education courses is a requirement for successful completion of a criminal justice degree program.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 938.15, Fla. Stat., goes on to provide:
"(1) Workshops, meetings, conferences, and conventions shall, on a form approved by the commission for use by the employing agency, be individually approved by the employing agency administrator prior to attendance. The form shall include, but not be limited to, a demonstration by the employing agency of the purpose of the workshop, meeting, conference, or convention; the direct relationship of the training to the officer's job; the direct benefits the officer and agency will receive; and all anticipated costs."
(2) The commission may inspect and copy the documentation of independent audits conducted of the municipalities and counties which make such assessments to ensure that such assessments have been made and that expenditures are in conformance with the requirements of this subsection and with other applicable procedures.
[2] See, s. 1, Ch. 97-271, Laws of Florida; Senate Staff Analysis and Economic Impact Statement on SB 388, dated April 15, 1997 ("Current section 943.25(13), F.S., is renumbered as section 938.15, F.S. No other changes made to current law.").
[3] See, e.g., Rollins v. Pizzarelli, 761 So.2d 294, 298 (Fla. 2000) (one of the most fundamental tenets of statutory construction requires that court give a statutory term its plain and ordinary meaning); Greenv. State, 604 So.2d 471, 473 (Fla. 1992).
[4] As noted in n. 2, supra, s. 1, Ch. 97-271, Laws of Florida, renumbered s. 943.25(13), Fla. Stat. 1995, as s. 938.15, Fla. Stat., without other amendment. Section 943.25(13) was created by s. 8, Ch. 74-386, and originally designated s. 943.25(5). See also, s. 23.105, Fla. Stat. (1973), which was substantially carried forward as 943.25(5), Fla. Stat.
[5] See, e.g., Ops. Att'y Gen. Fla. 76-64 (1976) (proceeds of additional cost assessment imposed by a municipality or county may be expended only for law enforcement education for the respective law enforcement personnel); 78-55 (1978) (governing body of a county may purchase gym equipment for its law enforcement officers from additional cost assessments for law enforcement education expenditures provided that there is an existing organized educational training and development program, approved by the commission, that will utilize such equipment for the physical training and development of law enforcement officers as part of the overall educational training and development program for such officers).