The Honorable Karleen De Blaker Pinellas County Clerk of Circuit Court 315 Court Street Clearwater, Florida 33756-5165
Dear Ms. De Blaker:
You have asked for my opinion on substantially the following questions:
1. May a clerk of court examine supporting material and verify records when performing an audit of guardianship files pursuant to section744.368(3), Florida Statutes?
2. If examination of supporting information is appropriate, may a clerk seek these materials from prior years?
3. Are audits of guardianship files prepared by the office of the clerk of the court pursuant to section 744.368(3), Florida Statutes, public records or does section 744.3701(1), Florida Statutes, exempt these records from inspection and copying under the Public Records Law?
Questions One and Two
Chapter 744, Florida Statutes, is the "Florida Guardianship Law." Florida's guardianship laws were rewritten by the Legislature in 1989 to ensure that incapacitated persons receive "the form of assistance that least interferes with the legal capacity of a person to act in her or his own behalf."[1] The act authorizes several forms of guardianship[2]
to establish a system that "permits incapacitated persons to participate as fully as possible in all decisions affecting them[.]"[3] The Legislature was particularly concerned to protect the rights of those who are incapacitated in managing their financial resources and sought to create a system strengthening the supervisory powers of the court.[4]
Section 744.361(2), Florida Statutes, requires guardians to file an initial guardianship report in accordance with section 744.362, Florida Statutes, and thereafter to file an annual guardianship report as required by section 744.367, Florida Statutes. The annual guardianship report of a guardian of the property consists of an annual accounting, which, as described in section 744.3678, Florida Statutes, must include:
"(a) A full and correct account of the receipts and disbursements of all of the ward's property over which the guardian has control and a statement of the ward's property on hand at the end of the accounting period. (b) A copy of the annual or year-end statement of all of the ward's cash accounts from each of the institutions where the cash is deposited."[5]
A guardian of the person must file an annual guardianship plan.[6]
Guardianship plans deal with such issues as the medical needs of the ward, the residence of the ward and the social condition of the ward.[7]
Section 744.3678, Florida Statutes, requires the guardian to obtain a receipt or canceled check for all expenditures and disbursements made on the ward's behalf. The guardian must preserve the receipts and canceled checks, in addition to other substantiating papers, for a period of three years after discharge. The statute provides that "[t]he receipts, checks, and substantiating papers need not be filed with the court but shall be made available for inspection and review at such time and in such place and before such persons as the court may from time to time order."[8] Thus, the statute places discretion in the court to order the guardian to make records available for inspection but does not require that such substantiating papers be filed with the annual accounting.
The Probate Rules of the Florida Rules of Court also recognize that substantiating papers need not be filed with the annual accounting. As provided in Rule 5.696(b):
"Unless otherwise ordered by the court, the guardian need not file the papers substantiating the annual accounting. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to persons entitled to receive or inspect the annual accounting. Substantiating papers need not be filed with the court unless so ordered."
In addition, the rule authorizes an interim inspection of records upon reasonable written notice and request.[9] The guardian of the property must make all material financial records relating to the guardianship available for inspection by those persons listed in section 744.3701, Florida Statutes, which specifically includes the clerk and the clerk's representative.[10]
Section 744.368, Florida Statutes, speaks directly to the responsibilities of the clerk of the circuit court and provides:
"(1) In addition to the duty to serve as the custodian of the guardianship files, the clerk shall review each initial and annual guardianship report to ensure that it contains information about the ward addressing, as appropriate: (a) Physical and mental health care; (b) Personal and social services; (c) The residential setting; (d) The application of insurance, private benefits, and government benefits; (e) The physical and mental health examinations; and (f) The initial verified inventory or the annual accounting. (2) The clerk shall, within 30 days after the date of filing of the initial or annual report of the guardian of the person, complete his or her review of the report. (3) Within 90 days after the filing of the initial or annual guardianship report by a guardian of the property, the clerk shall audit the verified inventory or the annual accounting. The clerk shall advise the court of the results of the audit."
* * *
Section 744.368, Florida Statutes, appears to distinguish between the clerk's duty to review reports and audit reports. The terms are used in various sections and do not appear to be used interchangeably.[11] The term "audit" is not defined for purposes of Chapter 744, Florida Statutes,[12] and, in the absence of any statutory definition, words of common usage such as "audit" should be understood in their plain and ordinary sense.[13] If necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary.[14]
The word "audit" is variously defined as "[t]o hear; to examine an account; and in a broad sense it includes its adjustment or allowance, disallowance, or rejection"; "an audience; a hearing; an examination in general; a formal or official examination and authentication of accounts, with witnesses, vouchers, etc."; "sometimes restricted to a mere mathematical calculation or process, but, in its generally accepted sense, includes an investigation and weighing of the evidence and deciding of whether entries in books are true and correct."[15] Thus, the term "audit" contemplates not only an examination but a verification of the accuracy of an accounting or inventory. The Legislature's use of the word "audit" appears to require not merely a review to ensure that information is included in a report but an examination and verification of the accuracy of the inventory or the accounting filed under section744.368, Florida Statutes.
The audit requirements of section 744.368, Florida Statutes, do not mandate that the clerk review substantiating papers, and section744.3678(3), Florida Statutes, specifically relieves the guardian of the duty to file them with the annual accounting. However, as is recognized in the authorities discussed herein, the clerk may make a reasonable written request for substantiating information and the guardian is required to make this information available for examination by the clerk or the clerk's representative. If the information is not forthcoming, pursuant to section 744.3678(3), Florida Statutes, the court may order that receipts, checks, and substantiating papers be made available for inspection and review.
Chapter 744, Florida Statutes, requires an annual accounting and anannual guardianship report. Thus, it would appear that the clerk's responsibility is the review and audit of reports relating to the present accounting period. However, to the extent that entries on a current report may only be substantiated by documentation from prior years, I see no impediment to the clerk's reviewing records from previous years. It is clear that a significant concern of the Legislature in revising the guardianship statutes in 1989 was to provide oversight and monitoring for court-appointed guardians and to require a careful examination of these statutorily mandated annual reports and inventories.[16] It would appear to facilitate this oversight function to allow a clerk to request any substantiating material he or she reasonably determines is necessary to complete the audit of the present accounting period as required by section 744.368, Florida Statutes.[17]
Question Three
You have asked whether audits of guardianship files prepared by the clerk of the court pursuant to section 744.368(3), Florida Statutes, are public records open to inspection and copying pursuant to Chapter 119, Florida Statutes. While this office can comment on any statutory provisions that may relate to your question, to the extent these records may constitute court records your questions should be directed to the chief judge of your circuit.
Section 744.3701, Florida Statutes, provides:
"(1) Unless otherwise ordered by the court, any initial, annual, or final guardianship report or amendment thereto is subject to inspection only by the court, the clerk or the clerk's representative, the guardian and the guardian's attorney, and the ward, unless he or she is a minor or has been determined to be totally incapacitated, and the ward's attorney. (2) The court may direct disclosure and recording of parts of an initial, annual, or final report in connection with any real property transaction or for such other purpose as the court allows, in its discretion."
While this statute provides confidentiality for guardianship reports or amendments to those reports, it does not address the audit prepared by the clerk of the circuit court pursuant to section 744.368, Florida Statutes, or any audit workpapers or notes used in preparing these audit reports.
You have brought to my attention section 119.07(3)(y), Florida Statutes, a provision of Florida's Public Records Law. Florida's Public Records Law, Chapter 119, Florida Statutes, requires that all public records made or received pursuant to law or in connection with the transaction of official business by any public agency must be open for personal inspection by any person.[18] For purposes of the law, a "[p]ublic record" is any document, paper, letter, map, book, tape, photograph, film, sound recording or other material, regardless of physical form or characteristic, which is "made or received pursuant to law . . . or in connection with the transaction of official business by any agency."[19]
Thus, the form of the record is irrelevant; the material issue is whether the record is made or received by the public agency in connection with the transaction of official business.
The clerk of court is required by section 744.368(3), Florida Statutes, to "audit the verified inventory or the annual accounting (filed by the guardian)." The clerk must report the results of the audit to the court. Clearly the audit is a record made or received by a public agency in connection with the transaction of official business and, in the absence of an exemption, is a public record.
Section 119.07(3)(y), Florida Statutes, which relates to audit reports prepared for a unit of local government, provides:
"The audit report of an internal auditor prepared for or on behalf of a unit of local government becomes a public record when the audit becomes final. As used in this paragraph, "unit of local government" means a county, municipality, special district, local agency, authority, consolidated city-county government, or any other local governmental body or public body corporate or politic authorized or created by general or special law. An audit becomes final when the audit report is presented to the unit of local government. Audit workpapers and notes related to such audit report are confidential and exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution until the audit is completed and the audit report becomes final."
This statute relates to audits of units of local government performed by those entities for their own official review. The audit required by section 744.368, Florida Statutes, is not an internal audit performed by or on behalf of any of the specified units of local government. Rather, this is an audit required by the Legislature to be performed by the clerk to advise the court.[20] Section 119.07(3)(y), Florida Statutes, does not appear to provide confidentiality to audit records produced pursuant to section 744.368, Florida Statutes.[21]
Chapter 744, Florida Statutes, contains no exemption from the Public Records Law for audit reports on guardianship files prepared by the clerk of court or for the workpapers and notes related to these audit reports. Only those public records that are provided by law to be confidential or that are prohibited from being inspected by the public, whether by general or special law, are exempt from the disclosure provisions of section 119.07(1), Florida Statutes.[22]
Thus, it is my opinion that an audit prepared by the clerk of court pursuant to section 744.368(3), Florida Statutes, is a public record and that the exemption provided in section 119.07(3)(y), Florida Statutes, does not provide confidentiality or exemption from the Public Records Law for the clerk's audit workpapers and notes. However, in light of the legislative concern for the confidentiality of guardianship reports as set forth in section 744.3701, Florida Statutes, and for audit workpapers and notes as provided in section 119.07(3)(y), Florida Statutes, the Legislature may wish to consider extending this protection to the clerk's audit workpapers and notes when performing an audit pursuant to section744.368(3), Florida Statutes.
Sincerely,
Charlie Crist Attorney General
cc/tgh
[1] See 744.1012, Fla. Stat., providing legislative intent.
[2] See Part III, Ch. 744, Fla. Stat., recognizing natural guardians; guardians of minors; emergency temporary guardianship; standby guardianship; preneed guardianship; preneed guardianship for minors; foreign guardians; foreign guardians who may manage the property of nonresident wards; and resident guardians of the property of nonresident wards.
[3] Section 744.1012, Fla. Stat.
[4] See s. 744.1012, Fla. Stat., and audio tape 1 of 1, Florida House of Representatives, Judiciary Committee, Preliminary Committee Report on SB 1087, May 3, 1989.
[5] Section 744.3678(2), Fla. Stat.
[6] Section 744.367(3), Fla. Stat.
[7] Section 744.3675, Fla. Stat.
[8] Section 744.3678(3), Fla. Stat., and see s. 744.365(5)(a), Fla. Stat., requiring the guardian to maintain substantiating papers and records to demonstrate the accuracy of the initial inventory for a period of 3 years after discharge and stating that "[t]he substantiating papers need not be filed with the court but must be made available for inspection and review at such time and place and before such persons as the court may order."
[9] See Rule 5.696(c), Fla.Prob.R.
[10] And see Rule 5.620, Fla.Prob.R., making essentially the same provision for substantiating papers for inventories.
[11] See 744.3678(3), Fla. Stat., (receipts, checks, and substantiating papers shall be made available for "inspection and review[.]") and (4) discussing fees to be paid for "auditing of the return[.]" and s.744.369(2), Fla. Stat., discussing the judicial review of guardianship reports and authorizing a special master to "conduct random field audits."
[12] Compare s. 11.45(1)(a), Fla. Stat., defining "audit" and subparagraphs (c), (g), and (h), respectively, defining "financial audit," "operational audit," and "performance audit."
[13] Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958).
[14] Green v. State, 604 So.2d 471, 472 (Fla. 1992); Gardner v.Johnson, 451 So.2d 477, 478 (Fla. 1984).
[15] Black's Law Dictionary 166 (rev. 4th ed. 1968) and see Webster's Third New International Dictionary 143 (unabridged ed. 1981) "to examine and verify (as the books of account of a company or a treasurer's accounts)."
[16] Audio tape 1 of 1, Florida House of Representatives, Judiciary Committee, April 5, 1989.
[17] Cf., In re Guardianship of Crawford v. Atlantic National Bank ofFlorida, 470 So.2d 816 (Fla. 1st DCA 1985) (guardian of ward's property, who was removed by court order, was not required to account for discrepancy in ward's assets which arose before his appointment).
[18] Section 119.01, Fla. Stat., and s. 119.07(1)(a), Fla. Stat.
[19] Section 119.011(1), Fla. Stat.
[20] See s. 744.368(3), Fla. Stat., providing that "[t]he clerk shall advise the court of the results of the audit."
[21] See Op. Att'y Gen. Fla. 99-07 (1999) discussing the applicability of s. 119.07(3)(y), Fla. Stat., and the legislative purpose for enacting the statute.
[22] Section 119.07(2)(a), Fla. Stat., and Art. I, s. 24, Fla. Const.