882 So.2d 1030 (2004)
Carter WIGGINS, et al., Appellants,
v.
STATE of Florida, DEPARTMENT OF MANAGEMENT SERVICES, DIVISION OF RETIREMENT, Appellee.
No. 3D03-3295.
District Court of Appeal of Florida, Third District.
August 11, 2004.
Rehearing Denied October 6, 2004.
*1031 Allan E. Monica, for appellants.
Larry D. Scott, Assistant General Counsel, for appellee, Department of Management Services.
Before COPE, GERSTEN, and GODERICH, JJ.
GERSTEN, J.
Plaintiffs/appellants, Carter Wiggins, et al., appeal the Florida Retirement Commission's ("commission") summary judgment order upholding the defendant's/appellee's, Department of Management Services, Division of Retirement ("department"), denial of special risk retirement classification. We affirm.
The Florida retirement system was created by the Legislature in 1970, and is codified in Chapter 121, Florida Statutes (2003). Florida's retirement system is a defined benefit system that is funded by employer contributions and is comprised of several classes of employees. See, § 121.061, Fla. Stat. (2003). The members of the Special Risk Class receive an enhanced retirement benefit that is paid by the Florida Retirement Trust Fund. This enhanced retirement benefit entitles Special Risk Class members to retire earlier and to receive a higher contribution rate. See, § 121.071, Fla. Stat. (2003).
The intent of the legislature in creating this class was to recognize and reward the hazardous and physically demanding nature of the work performed by persons employed in the specified job categories. Section 121.0515(1), Florida Statutes (2003), specifically recognizes the special problems associated with Special Risk Class members and states:
In creating the Special Risk Class of membership within the Florida Retirement System, it is the intent and purpose of the Legislature to recognize that persons employed in certain categories of law enforcement, firefighting, criminal detention, and emergency medical care positions are required as one of the essential functions of their positions to perform work that is physically demanding or arduous, or work that requires extraordinary agility and mental acuity, and that such persons, because of diminishing physical and mental faculties, may find that they are not able, without risk to the health and safety of themselves, the public, or their coworkers, to continue performing such duties and thus enjoy the full career and retirement benefits enjoyed by persons employed in other positions and that, if they find it necessary, due to the physical and mental limitations of their age, to retire at an earlier age and usually with less service, they will suffer an economic deprivation therefrom. Therefore, as a means of recognizing the peculiar and special problems of this class of employees, it is the intent and purpose of the Legislature to establish a class of retirement membership that awards *1032 more retirement credit per year of service than that awarded to other employees; however, nothing contained herein shall require ineligibility for special risk membership upon reaching age 55.
Section 121.0515 then enumerates the specific criteria necessary to qualify as a Special Risk Class member. See § 121.0515(2)(a)-(g), Fla. Stat. (2003).
In 2000, the legislature amended Chapter 121 to add other classes of employees to the Special Risk Class, in addition to law enforcement, fire fighters, correctional officers, probation officers and paramedics. See, Ch.2000-169, Laws of Fla. Section 121.0515(2)(f), Florida Statutes (2003), lists specified job titles and class codes that may qualify an employee for Special Risk classification. The definitional section of the statute specifically requires that employees meeting the criteria set forth in Section 121.0515(2)(f), be employed either by the Department of Corrections, or by the Department of Children and Family Services. See § 121.021(15)(d)(2), Fla. Stat. (2003).[1]
The appellants work in the correctional health facilities at Jackson Memorial Hospital, which is a county hospital that was established as a public health trust in 1973 pursuant to Chapter 154, Florida Statutes. The appellants are county employees and sought special risk benefits claiming their work in a hazardous environment performing the same job functions as their state employee counterparts, met the special risk eligibility requirements of Section 121.0515(f). The department and the commission denied the county workers' request finding the statute did not apply. In its final order, the commission significantly noted:
The commission recognized that persons in positions similar to those listed by the Legislature in Section 121.0515(2)(f), Florida Statutes, may in fact engage in work that constitutes 75% contact with patients or inmates in a correctional or forensic facility. Petitioners strongly urged the Commission to interpret Section 121.0515(2)(f), Florida Statutes, to correct the unfairness of excluding county health care workers in county detention facilities. Because the language as "similar to" or "equivalent to" the job classifications of the Department of Corrections or Department of Children and Families, the Commission does not believe it has the legal authority to expand the Legislature's unequivocal limits on special risk membership.
We agree with the commission's cogent analysis. It is a basic tenet of statutory construction that courts are required to give statutory language its plain and ordinary meaning. See Green v. State, 604 So.2d 471 (Fla.1992); Southeastern Fisheries Ass'n, Inc. v. Dep't of Natural Res., 453 So.2d 1351 (Fla.1984). The plain and ordinary meaning of Section 121.021(15)(d)(2) requires that a special risk member be employed by the Department of Corrections or the Department of Children and Family Services. Since the appellants are not employed by the Department of Corrections or the Department of Children and Family Services, they do not qualify for special risk retirement coverage.
We empathize with the situations faced by health care providers who work in our *1033 county prisons. However, it is the function of the legislature, not the judiciary, to determine how public funds are to be used, and to ascertain the parameters of our public employee retirement system. Finding substantial competent evidence supports the commission's statutory analysis and final determination, we affirm the order below. See Braddock v. School Bd. of Nassau County, 455 So.2d 394 (Fla. 1st DCA 1984); Boyette v. State Prof'l Practices Council, 346 So.2d 598 (Fla. 1st DCA 1977).
Affirmed.
GODERICH, J., concurs.
COPE, J. (concurring).
The seventeen appellants are employees of Miami-Dade County who are members of the Florida Retirement System ("FRS"). They are professional care employees who provide health or mental health care to county inmates at one of the County's detention facilities.
The employees applied for designation as special risk members in FRS under subsections 121.0515(2)(f) and (3), Florida Statutes (2001). The State Retirement Commission denied their applications on the ground that membership under paragraph 121.0515(2)(f), Florida Statutes is limited to employees who are employed by the Florida Department of Corrections or the Florida Department of Child and Family Services.
Although initially skeptical, I conclude that the Commission has correctly interpreted the statute. That is so because chapter 121, Florida Statutes, defines "special risk member" (so far as pertinent here) as including any "member who is employed by the Department of Corrections or the Department of Children and Family Services and meets the special criteria set forth in s. 121.0515(2)(f)." § 121.021(15)(d)2., Fla. Stat. (2001); see also ch.2000-169, §§ 28-29, Laws of Fla. Thus, special risk membership based on paragraph 121.0515(2)(f) is restricted solely to the Departments of Correction and Children and Family Services.
In most instances under the special risk retirement statute, FRS members who are employed by a county, city, or special district are eligible for special risk membership on the same basis as state employees. That appears to be the case with respect to law enforcement officers, firefighters, correctional officers, paramedics, and community-based correctional probation officers. See § 121.0515(2)(a)-(e),(3), Fla. Stat. (2001).
The employees argue that this classification denies them equal protection of the laws. They maintain that they are performing work which is substantively the same as that outlined in paragraph 121.0515(2)(f), yet they are ineligible for special risk classification.
It seems reasonably clear, however, that there is a rational basis for the distinction. See Tiedemann v. Dept. of Mgmt. Servs., 862 So.2d 845, 847 (Fla. 4th DCA 2003). There is an additional cost to the employer associated with the special risk retirement program. When the Legislature enacted paragraph 121.0515(2)(f), the Legislature made the policy decision that the State (as employer) would be willing to bear the additional cost of adding more employees of the Departments of Corrections and Children and Family Services to the special risk rolls.
For county and local employees, however, it would be the local governmental unit which would have to pay the additional cost. Apparently the county and local governments were not willing to bear the additional expense, or at least the Legislature was not willing to impose that financial *1034 burden on local government at the time paragraph (2)(f) was enacted in 2000.
Having said all of that, I would suggest that the Legislature revisit this issue in the future. The employees assert that the duties they perform are of the type described in paragraph 121.0515(2)(f). The County endorsed the employees' applications to be classified as special risk employees. Although ideally county and local employees should be granted the same treatment as state employees, another possibility might be to allow county and local governments the option to provide special risk benefits under paragraph (2)(f) if they so choose.
NOTES
[1] Section 121.021(15)(d)(2), Florida Statutes (2003), specifically states: "Effective January 1, 2001, "special risk member" includes any professional health care bargaining unit or non-unit member who is employed by the Department of Corrections or the Department of Children and Family Services and meets the special criteria set forth in s. 121.0515(2)(f)."