CASANUEVA, Judge.
This appeal arises from a final judgment resulting from a jury’s multi-million dollar verdict for damages from a fatal auto collision. Appellant Dolores Claudio Ortiz *59 (“Mr. Ortiz”) is the father of Andy Claudio Ortiz[1] with whom he shares title to their auto. While driving this auto, Andy was involved in a fatal collision with appellee Lourdes Regalado Falcon (“Mrs. Regala-do”) who was transporting her three minor children: Ismelys Regalado, who was killed in the crash; appellee Ismerai Rega-lado; and appellee Misael Regalado, Jr. Mrs. Regalado is married to appellee Mi-sael Regalado Sr. (“Mr. Regalado”), the father of her children. Mr. and Mrs. Re-galado are the joint lessees of the auto Mrs. Regalado was driving when Andy Ortiz struck it. The Regalados instituted the lawsuit underlying this appeal against Andy Ortiz for negligence and against Mr. Ortiz as vicariously liable by reason of their joint ownership of Andy’s car. The jury found that Andy Ortiz and Mrs. Rega-lado were each fifty percent negligent. It is from the trial court’s final judgment apportioning the damage award that Mr. Ortiz appeals.
As a threshold issue, we deal with the Regalados’ pending motion to dismiss in which they argue that this court is without jurisdiction to hear Mr. Ortiz’s appeal. We disagree and deny their motion to dismiss without further discussion.[2]
Mr. Ortiz presents two issues: first, that the trial court erred in denying him the benefit of a statutory cap on a damage award against an owner of a vehicle who entrusts it to another; and second, that he should not be required to pay damages that exceed Andy’s percentage of fault. We affirm that part of the trial court’s ruling that is the basis for his first issue but reverse the final order based on his argument in the second issue.
I. The Verdict and The Final Judgment For Damages
The jury returned a verdict awarding Mr. Regalado, as the personal representative of the estate of Ismelys Regalado: $11,575 for medical/funeral expenses; Mr. Regalado, individually: $1,000,000 for past and future pain and suffering; Mrs. Rega-lado: $1,000,000 for past and future pain and suffering; Ismerai Regalado: $220,000 for past and future pain and suffering and future medical expenses; and Misael Re-galado, Jr.: $225,000 for past and future pain and suffering and future medical expenses. In the final judgment, the trial court ordered that Mr. Ortiz and Andy Ortiz pay the following amounts: $793.76 for the uncovered medical/funeral expenses to Mr. Regalado as the personal representative of his deceased daughter’s estate[3]; $1,000,000 to Mr. Regalado, Sr., individually; $500,000 to Mrs. Regalado; $110,000 to Ismerai Regalado; and $112,500 to Misael Regalado, Jr. The awards to Mrs. Regalado and the two surviving children reflect the fifty percent reduction the trial court made from the jury’s verdict due to Mrs. Regalado’s comparative negligence and are the subject of Mr. Ortiz’s first issue. Mr. Regalado’s individual award is the subject of Mr. Ortiz’s second issue. Mr. Ortiz contends in his first issue that section 324.021(9)(b)(3), Florida Statutes (2006), should be applied to limit what he, as a vicariously liable *60 defendant, must pay. In his second issue, he contends that he should not be obligated to pay Mr. Regalado damages exceeding Andy’s percentage of fault. We discuss these two issues in turn.
II. Limitation On Mr. Ortiz’s Vicarious Liability Under Section 324.021(9)(b)(3), Florida Statutes (2006)
Mr. Ortiz does not question that Andy Ortiz was negligent in driving their jointly-owned vehicle when Andy struck the Regalado vehicle. However, he maintains that as the co-owner of that vehicle, he is entitled to the limitation on damages for negligent operation of the vehicle that section 324.021(9)(b)(3) provides. This subsection sets a limit on damages for which an owner of a vehicle is responsible when the owner loans the vehicle to another whose negligent operation of the vehicle results in damages to another. The relevant portion of the subsection states:
(b) OwnerAessor. — Notwithstanding any other provision of the Florida Statutes or existing case law:
[[Image here]]
3. The owner who is a natural person and loans a motor vehicle to any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith only up to $100,000 per person and up to $300,000 per incident for bodily injury and up to $50,000 for property damage.
§ 324.021(9)(b)(3).
Because his vehicle was negligently operated by the other co-owner and resulted in damages, Mr. Ortiz argues that his individual responsibility is thus limited to $100,000 per person or $300,000 total for this accident. He claims that the proper application of these statutory caps would limit his liability to $100,000 for the wrongful death of Ismelys Regalado, and a composite $200,000 for damages awarded to Ismerai and Misael, Jr., less any sums previously paid for claims arising from this accident. Mr. Ortiz makes this argument despite the fact that the statute unequivocally states that it operates to protect an owner who “loans” his or her vehicle. Mr. Ortiz does not deny that he did not technically “loan” the car to his son because his son had just as much right to use it as did Mr. Ortiz. Citing Black’s Law Dictionary 954 (8th ed. 2004) (defining the term as a “grant of something for temporary use”), Mr. Ortiz argues that the word “loan” is ambiguous in the context of co-owners because when one owner is using the vehicle, the other co-owner must necessarily have “grant[ed] ... [the] temporary use” of the vehicle to the other co-owner.
We find no such ambiguity in the statute’s use of the term “loans.” An owner of an object can only loan that object to another who has no legal right to the object.[4] Therefore, because “ ‘the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction [and] the statute must be given its plain and obvious meaning.’ ” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (1931)).
We are further unpersuaded by Mr. Ortiz’s argument relating to the requirement to liberally construe remedial statutes, *61 which he claims this subsection to be. He conceives this latter argument by analogizing to the fact that the next subsection, § 324.021(9)(c)(1), gives similar relief to companies whose business is renting or leasing motor vehicles but not to owners whose vehicles are used by another in the owner’s ordinary course of business. Whether or not the statute is remedial in nature, a question we are not here called upon to answer, the term “loans” is unambiguous on its face.
We must “give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature.” Green v. State, 604 So.2d 471, 473 (Fla.1992) (citing Se. Fisheries Ass’n v. Dep’t of Natural Res., 453 So.2d 1351 (Fla.1984)). “If necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary.” Id. (citing Gardner v. Johnson, 451 So.2d 477 (Fla.1984)).
King v. King, 82 So.3d 1124, 1130 (Fla. 2d DCA 2012); see also State v. Mitro, 700 So.2d 643, 645 (Fla.1997) (using dictionary to define words “available” and “authentic” when statute containing these words was challenged for vagueness); L.B. v. State, 700 So.2d 370, 372 (Fla.1997) (relying on dictionary definition when words “common pocketknife” were challenged as vague); State v. Hagan, 387 So.2d 943, 945 (Fla. 1980) (relying on dictionary definition of “trawl net” to find statute not unconstitutionally vague).
This term, “loans,” is not defined in the statute nor do we find a clear intent of the legislature to give it a different meaning and apply it as between co-owners; we thus give it its dictionary meaning. We conclude that the trial court did not err in denying Mr. Ortiz the statutory cap of section 324.021(9)(b)(3) to limit what he is required to pay Mrs. Regalado or either of her surviving children based on his vicarious liability for Andy Ortiz’s negligent operation of their jointly-owned vehicle.[5]
Because vicarious liability is of major concern to the citizens of Florida, we certify the following question as one of great public importance:
DOES SECTION 324.021(9)(b)(3) APPLY TO LIMIT THE AMOUNT OF DAMAGES ONE CO-OWNER OF A VEHICLE MUST PAY WHEN THE OTHER CO-OWNER OPERATES THEIR JOINTLY OWNED VEHICLE NEGLIGENTLY AND INCURS DAMAGES PAYABLE TO A THIRD PARTY?
III. Mr. Ortiz’s Liability as Limited by Andy’s Percentage of Fault
The jury found that Andy and Mrs. Re-galado shared equally in the negligence that caused the collision between them.[6] No one disputes the jury’s finding of comparative negligence. Mr. Ortiz only disputes that part of the final judgment that orders him and his son to pay Mr. Regala-do the full million dollar award in the jury’s verdict without halving it. To obtain this reduction, Mr. Ortiz posits various theories. We address only his argument based on the doctrine of contribution *62 among joint tortfeasors, as provided in section 768.31, Florida Statutes (2006).
A.Preservation of the Contribution Issue
As can be seen in the companion case of Andy Claudio Ortiz v. Misael Regalado, Sr., 2D11-1073, Andy unsuccessfully moved to amend his answer to include a counterclaim for contribution against Mrs. Regalado. Although the Re-galados do not dispute that Andy preserved the contribution issue in his case, they argue that Mr. Ortiz did not do so in his separate case. We disagree with their claim. A fair reading of the record shows that Mr. Ortiz’s pleadings sufficiently put the Regalados on notice that he would be seeking contribution from Mrs. Regalado should the jury find her at fault in any manner. It is unreasonable to claim that although it was Andy’s counsel who argued for a contribution counterclaim, the trial court and opposing counsel did not understand that the contribution argument encompassed Mr. Ortiz in addition to Andy. In any event, the trial court allowed, with the Regalados’ counsel’s concurrence, the contribution issue to be argued after trial at which time both Mr. Ortiz and Andy presented their arguments.
B.The Statute, Section 768.31
To begin our discussion, we quote the portions of section 768.31 relevant to our inquiry:
(2) RIGHT TO CONTRIBUTION.—
(a) Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
(b) The right of contribution exists only in favor of a tortfeasor who has paid more than her or his pro rata share of the common liability, and the tortfea-sor’s total recovery is limited to the amount paid by her or him in excess of her or his pro rata share. No tortfeasor is compelled to make contribution beyond her or his own pro rata share of the entire liability.
[[Image here]]
(3) PRO RATA SHARES.—In determining the pro rata shares of tortfeasors in the entire liability:
(a) Their relative degrees of fault shall be the basis for allocation of liability-
(b) If equity requires, the collective liability of some as a group shall constitute a single share.
(c) Principles of equity applicable to contribution generally shall apply.
(4) ENFORCEMENT.—
(a) Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action.
(b) When a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants, by motion upon notice to all parties to the action.
(c) If there is a judgment for the injury or wrongful death against the tortfea-sor seeking contribution, any separate action by her or him to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.
C.Discussion
Based on this statute, Mr. Ortiz argues that because Mrs. Regalado was fifty percent liable for the injuries Mr. Regalado suffered, she should be required *63 to contribute $500,000 of his one million dollar award. Subsection 4(b) of the statute allows the contribution to be enforced either in the same action or by a separate action. Mr. Ortiz and Andy wanted to raise the issue of contribution in the instant action and did so by moving to amend by adding a counterclaim, but the trial court denied them this statutorily allowed avenue because it concluded that it was a not a contribution issue but a Fa-bre [7] issue, i.e., that Mrs. Regalado was a Fabre defendant. And, as noted above, the defendants succeeded in convincing the jury that Andy was not solely negligent. However, Fabre is not strictly applicable to this situation because Mrs. Regalado was not an absent party. “A ‘Fabre defendant’ is a nonparty defendant whom a party defendant asserts is wholly or partially responsible for the negligence alleged.” Salazar v. Helicopter Structural & Maint., Inc., 986 So.2d 620, 622 n. 1 (Fla. 2d DCA 2007) (citing Fabre, 623 So.2d at 1187). A contribution action is necessarily against a party because contribution is limited to a party who has been found to be jointly or severally liable in tort for the same injury or wrongful death. See § 768.31(2)(a).[8] Although a jury might “find” the Fabre defendant jointly negligent, because the Fabre defendant was not a party to the suit, and thus not under the jurisdiction of the court, no judgment can be entered against him or her because of due process concerns.[9]
It is thus clear that the trial court erred in denying the amendment to add a claim for contribution. The court mitigated this error by allowing the parties to raise the issue of contribution posttrial. However, when the contribution issue was ripe posttrial-because the jury had determined that Mrs. Regalado was fifty percent negligent-a successor judge compounded the earlier error. The substitute judge heard the arguments but entered judgment upon the Regalados’ motion without ruling for or against setoffs for contribution. A third judge, who heard Mr. Ortiz’s motion to reconsider entry of final judgment or to alter the final judgment, refused to change the final judgment entered by the second judge because the contribution arguments had been made to his predecessor. All three judges erred in not allowing a contribution from Mrs. Re-galado as a joint tortfeasor responsible for Mr. Regalado’s damages.[10]
We recognize that a contribution issue can be determined in a separate action. See § 768.31(4)(a), (c). This was one of the Regalados’ arguments against addressing the contribution issue in this case. But Mr. Ortiz, with good reason and as allowed by statute, wanted it determined in this suit. We agree that the better *64 course of action was to have the issue decided as part of the same suit, as was Mr. Ortiz’s prerogative. Deciding the issue of contribution in this action was not only a savings of judicial resources but it reduced the risk that after paying Mrs. Regalado her damages, there might be a chance that she could no longer contribute; she might soon be judgment proof either because her damage award was spent or because she might have absconded from the jurisdiction.
IV. Conclusion
We affirm that part of the trial court’s ruling that section 324.021(9)(b)(3) was not applicable to Mr. Ortiz as a co-owner and certify a question of great public importance. We reverse that part of the final judgment that awarded Mrs. Regalado one million dollars and remand for consideration of the contribution issue.
Affirmed in part, reversed in part, and question certified.
KELLY and LaROSE, JJ., Concur.

. Andy Claudio Ortiz is the appellant in the companion case of Claudio v. Regalado, No. 2D 11-1073, that was consolidated for record purposes only.

. Generally, before a case is perfected and assigned to a panel for oral argument and a decision on the merits, a motions panel will hear a motion to dismiss such as the one the Regalados filed. However, in this case, the motions panel deferred the Regalados’ motion to dismiss to the merits panel.

.Mr. Ortiz does not dispute the propriety of this $793.76 award to Mr. Regalado as the personal representative of the estate of Isme-lys Regalado.

. Cf. § 265.565(2)(b), Fla. Stat. (2012) (defining "[l]oans,” "loaned,” or "on loan” as referring "to property in possession of the museum not accompanied by a transfer of title to the property or accompanied by evidence that the lender intended to retain title to the property and to return to take physical possession of the property in the future”) (emphasis added).

. Mr. Ortiz has not raised the issue, and thus we do not decide, whether he can in the first instance be held vicariously liable for Andy’s negligent operation of their jointly-titled vehicle because he did not "loan" the car to Andy and thus put himself within the plain meaning of the statute.

. Although there was no indication that Andy Ortiz had been under the influence while driving, the appellate record suggests that he was distracted by using his cell phone when the collision occurred. The appellate record also suggests that he had the right of way and Mrs. Regalado entered the intersection prematurely, without ascertaining that it was safe to do so, thus contributing her share of the fault.

. Fabre v. Marin, 623 So.2d 1182 (Fla.1993).

. Thus it can be said that a person subject to contribution and a Fabre defendant are mutually exclusive in the same lawsuit.

. Mrs. Regalado’s situation clearly illustrates the dichotomy between a Fabre defendant and a contribution defendant in the same lawsuit. The jury awarded her one million dollars which the trial court properly reduced by fifty percent due to her comparative negligence. And the judgment states that her award is five hundred thousand dollars. But she is still subject to contribution as a joint tortfeasor and must contribute, along with Andy, to the damage award of the innocent victim of her negligence in this case, i.e., Mr. Regalado. Whether her contribution will come by reducing the judgment in her favor in this case or from some other source is a matter beyond the scope of this opinion.

. We note that the doctrine of interspousal immunity has been abrogated in Florida. See Fabre, 623 So.2d at 1186 n. 2 ("If the accident had happened today, Mrs. Marin could sue her husband [who was held jointly liable for her injuries] because the doctrine of inter-spousal immunity has now been abrogated. Waite v. Waite, 618 So.2d 1360 (Fla.1993).”).